IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARLOS PRIETO, individually and on behalf of a class defined herein, </br></br>　　　　　Plaintiff, </br></br>　v. </br></br>HBLC, INC.; STEVEN J. FINK; and STEVEN J. FINK & ASSOCIATES, P.C., </br></br>　　　　　Defendants | 08 C 2718 </br></br> Judge Guzman </br></br> Magistrate Judge Schenkier |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION FOR CLASS CERTIFICATION**

**INTRODUCTION**

Plaintiff, Carlos Prieto ("Plaintiff"), brings this class action to secure redress against an unlawful credit and collection practice engaged in by Defendants HBLC, Inc. ("HBLC"), Steven J. Fink and Steven J. Fink & Associates, P.C., ("Fink") collectively ("Defendants") that violates the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., ("FDCPA"). Plaintiff complains that Defendants' systematic practice of filing the same copy of a 1990 (nineteen hundred ninety) purported Discover "Cardmember Agreement", <u>Exhibit 1</u>[1] or as altered, <u>Exhibit 2</u>, as an exhibit attached to state court collection lawsuits coupled with the statement the exhibit is a, "A true and correct copy of the Cardmenber Agreement" when in fact it is not, violates 15 U.S.C. §§ 1692e, e(10), and 1692f.

Defendants' systematic practice amounts to a fraud upon the state court and is a material misrepresentation as it is suggested that over 90% of collection suits filed against

---

[1] The exhibits referenced in this memorandum are attached to Plaintiff's Motion for Class Certification.

consumers where service of process is made on the consumer result in a default judgment being entered against the consumer. *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 327 (6th Cir. 2006); *See also Chavez v. Bowman, Heintz, Boscia & Vician*, 07 C 640, Dkt. 42-2, Affidavit of Gerald E. Bowman, pp. 7-8 ¶ 14 (N.D. Ill. Oct. 3, 2007) (law firm obtains a majority of judgments for creditors by default judgment on debt collection cases it filed in Cook County, Illinois).

Plaintiff brings this action on behalf of a class pursuant to FED. R. CIV. P. 23(a) and 23(b)(3) of: (a) all natural persons with an Illinois address (b) where Fink on behalf of HBLC, Inc. filed a lawsuit against the person (c) where a copy of either Exhibit 1 or Exhibit 2 was attached to the state court complaint (d) where the state court complaint stated that either Exhibit 1 or Exhibit 2 was, "A true and correct copy of the Cardmenber Agreement" (e) during a period beginning May 9, 2007 and ending May 29, 2008.

The purpose of a class action is to promote judicial economy by avoiding duplicative suits against the same defendant, and to protect the rights of persons who may not be able to assert their claims on an individual basis. *Crown, Cork, & Seal Co. v. Parking*, 462 U.S. 345 (1983). Class actions "were designed not only to compensate victimized members of groups who are similarly situated . . . but also deter violations of the law, especially when small individual claims are involved." H Newberg, Class Actions § 4.36 (4th ed. 2002); *Warcholek v. Medical Collections Sys.*, 241 F.R.D. 291, 296 (N.D. Ill. 2006) (finding that certifying a class in an FDCPA matter is superior as the defendants' "conduct would go otherwise unchallenged if a class was not certified").

While "[t]he court maintains broad discretion to determine whether a proposed class satisfies the requirements [it] should err in favor of maintaining class actions." *Rahman v.*

*Chertoff*, 244 F.R.D. 443, 447 (N.D. Ill. 2007) (*citing King v. Kansas City S. Indus.*, 519 F.2d 20, 26 (7th Cir. 1975); *Patterson v. Gen. Motors Corp.*, 631 F.2d 476, 480 (7th Cir. 1980)).

> Rule 23 provides that an action may proceed as a class if:
>
> (1) the class is so numerous that the joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims and defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a).

**Rule 23(a)(1) – The Class is so numerous that joinder of all members in impracticable.**

There is no bright-line test for numerosity. *Cavin v. Home Loan Ctr., Inc.*, 236 F.R.D. 387, 392 (N.D. Ill. 2006); *Chandler v. Southwest Jeep-Eagle, Inc.* 162 F.R.D. 302, 307 (N.D. Ill. 1995) ("the numerosity analysis does not rest on any magic number"). "[A] plaintiff does not have to provide exact numbers because a class action may proceed based upon an estimated class size." *Cavin*, 236 F.R.D. at 391 (*citing McCabe v. Crawford & Co.*, 210 F.R.D. 631, 643 (N.D. Ill. 2002)). "[T]he court may assume sufficient numerousness where reasonable to do so in absence of a contrary showing by defendant, since discovery is not essential in most cases in order to reach a class determination . . . Where the exact size of the class is unknown, but it is general knowledge or commons sense that it is large, the court will take judicial notice of this fact and will assume joinder is impracticable.." 2 *Newberg on Class Actions* § 7.22A (3d ed. 1992).

Courts have certified classes where less than thirty class members existed. *Manning v. Consumer Discount Co.*, 390 F. Supp. 320 (E.D. Pa. 1975), *aff'd*, 533 F.2d 102 (3d Cir. 1976), *cert. denied* 429 U.S. 865 (1976) (14 class members); *Allen v. Isaac*, 99 F.R.D. 45

(N.D. Ill. 1983) (17 class members); *Cypres v. Newport News General & Nonsectarian Hospital Ass'n*, 375 F.2d 648 (4th Cir. 1967) (18 class members); *Rosario v. Cook County*, 101 F.R.D. 659, 661 (N.D. Ill. 1983) (20 class members); *Arkansas Education Association v. Board of Education*, 446 F.2d 763 (8th Cir. 1971) (20 class members); *Basile v. Merrill Lynch, Pierce, Fenner and Smith*, 105 F.R.D. 506 (S.D. Ohio 1985) (23 members); *Zeidman v. J. Ray McDermott & Co., Inc.*, 651 F.2d 1030, 1038 (5th Cir. 1981) (25 to 30 class members); *Riordan v. Smith Barney*, 113 F.R.D. 60, 62 (N.D. Ill. 1986) (29 sufficient).

During the proposed class period beginning May 9, 2007, in the Circuit Court of Cook County, First Municipal Division, Fink on behalf of HBLC filed 42 lawsuits where the claim was based on a purported Discover Card debt.  <u>Exhibit 3</u>.  A class of at least 42 members satisfies numerosity.  *Swanson v. American Consumer Industries*, 415 F.2d 1326, 1333 (7th Cir. 1969) (40 sufficient); *Lau v. Arrow Fin. Servs.,* LLC, 245 F.R.D. 620, 625 (N.D. Ill. 2007) (*quoting Ringwald v. County of DuPage*, 196 F.R.D. 509, 512 (N.D. Ill. 2000)  ("courts in this circuit have held that 'a class of more than 40 members is generally believed to be sufficiently numerous for Rule 23 purposes.'").

**A.     Rule 23(a)(2) – The claims of the Class arise from commons questions of law and fact.**

A common nucleus of operative facts is enough to satisfy the commonality requirement.  *Rosario v. Livaditis,* 963 F.2d 1013, 1017 (7th Cir. 1992).  "A common nucleus is generally found when the defendant has engaged in standardized conduct towards the members of the proposed class."  *Cavin*, 236 F.R.D. at 392 (*citing Keele,* 149 F.3d at 594; *McCabe,* 210 F.R.D. at 644); *Franklin v. City of Chicago*, 102 F.R.D. 944, 949 (N.D. Ill. 1984) (Where a question of law involves "standardized conduct of the defendants toward members of the proposed class, a common nucleus of operative facts is typically presented, and the commonality

4

requirement . . . is usually met."). Finally, "The commonality requirement has been characterized as a 'low hurdle' easily surmounted." *Scholes v. Stone, McGuire & Benjamin*, 143 F.R.D. 181, 185 (N.D. Ill. 1992).

In this case, the class claims are based on Defendants' standardized conduct of: (1) of using a copy of the exact same 1990 (nineteen-hundred ninety) "Cardmember Agreement"; and (2) affirmatively characterizing the document as a, "A true and correct copy of the Cardmenber Agreement" when it is not.

Additionally, because Exhibit 1 and Exhibit 2 are copies of the same 1990 (nineteen-hundred ninety) purported "Cardmember Agreement" and the statement "A true and correct copy of the Cardmenber Agreement" is alleged in each and every form state court complaint, commonality is easily met. *See e.g Jackson v. Nat'l Action Fin. Servs., Inc.*, 227 F.R.D. 284, 287 (N.D. Ill. 2005)(finding commonality where the class definition was limited to individuals who received a similar debt collection letter from named defendants); *See e.g Sledge v. Sands*, 182 F.R.D. 255, 258 (N.D. Ill. 1998) (same). Attached to Plaintiff's motion is the state court complaint field against Plaintiff, Exhibit 4, and other complaints from a random spot check of collection suits filed by Fink on HBLC's behalf were HBLC claims to be the "final transfer of Discover" in the Cook County, Illinois Circuit Court are attached as Exhibit 5. As such, because Defendants have engaged in a standardized conduct using the same copy of a document and form pleading alleging that same copy to be "A true and correct copy" of each and every consumers' purported "Cardmember Agreement", the commonality requirement has been satisfied.

**B.     Rule 23(a)(3) – Plaintiff's claims are typical of the claims of the class.**

The "typicality" requirement of Rule 23(a)(3) is satisfied for many of the same reasons that the "commonality" requirement of Rule 23(a)(3) is met. *De La Fuente v. Stokley-*

5

*Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1993) ("A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory"). Typicality is met where the named plaintiff and the members of the class have similar injuries. *Ramirez v. Palisades Collection LLC*, 07 C 3840, 2008 U.S. Dist. LEXIS 24921 * 15 (N.D. Ill. Mar. 28, 2008) (*citing De La Funte*, 713 F.2d at 232).

The analysis of typicality in a class action under the FDCPA, "focuses primarily, if not exclusively, on the conduct of debt collectors. . . ." *Keele v. Wexler*, 149 F.3d 289, 395 (7th Cir. 1998); *Warcholek v. Medical Collections Sys.*, 241 F.R.D. 291, 294 (N.D. Ill. 2006) (*citing Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994) ("FDCPA cases such as this one do not require a showing that each class member was actually confused by the debt collector, but rather that the conduct of the debt collector would mislead the 'unsophisticated consumer.'").

In the present case, Plaintiff's and the proposed class' statutory damage class claim under the FDCPA arise from the same question of law whether: (1) using a copy of the exact same 1990 (nineteen-hundred ninety) "Cardmember Agreement"; and (2) affirmatively characterizing the document as a, "A true and correct copy of the Cardmenber Agreement" when it is not, violates the FDCPA. As such, Plaintiff's claims and damages sought are typical of those persons within the class definition.

**C.    Rule 23(a)(4) - Plaintiff and Class Counsel will fairly and adequately protect the interest of the class.**

Rule 23(a)(4)'s prerequisite consists of the following factors: (1) whether the plaintiffs' attorney is qualified, experienced, and generally able to conduct the proposed litigation; (2) whether the class representatives have interests that are antagonistic to the class;

and (3) whether the class representatives have a sufficient interest in the case to assure vigorous advocacy. *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993).

In a class action, "the class representative's role is limited." *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 896 (7th Cir. 1981). An adequate class representative need only be conscientious and have a basic understanding of the litigation at hand. *Carbajal v. Capital One*, 219 F.R.D. 437, 442 (N.D. Ill. 2004). "[T]he standard for serving as class representative is not particularly demanding." *In re Ocean Bank*, 06 C 3515, 2007 U.S. Dist. LEXIS 29443 * 25 (N.D. Ill. Apr. 27, 2007). Plaintiff is aware of the claims he has asserted on behalf of the class, and is seeking only statutory money damages on behalf of herself and the class. Exhibit 6. As such, Plaintiff is adequate and no antagonism exists between him and the class members.

The second consideration in determining adequacy of representation is whether plaintiff's counsel is qualified, experienced, and able to conduct the proposed litigation. *Rosario*, 963 F.2d at 1018; FED. R. CIV. P. 23(g). Plaintiff's counsel has specifically been found to be adequate class counsel meeting the requirements of Rule 23(a)(4). *Cavin v. Home Loan Center, Inc.* 236 F.R.D 387, 395 (N.D. Ill. 2006) ("The Court finds that Mr. Warner [is]. . . 'experienced, competent, qualified and able to conduct the litigation vigorously'"). *Id.* at 395. Furthermore, "[t]he fact that attorneys have been found adequate in other cases 'is persuasive evidence that they will be adequate again.'" *Morris v. Risk Mgmt. Alternatives, Inc.*, 203 F.R.D. 336, 344 (N.D. Ill. 2001) (*quoting Gomez v. Illinois State Bd. Of Ed.*, 117 F.R.D. 394, 401 (N.D. Ill. 1987)). The Warner Law Firm, LLC has recently been approved as class counsel in *Horton v. IQ Telecom*, 07 C 2478, Dkt. 29, Final Approval Order, (N.D. Ill. May 5, 2008). Plaintiff's counsel submits the declaration of Curtis C. Warner in support of the Warner Law Firm, LLC's adequacy

as class counsel and for the appointment of Curtis C. Warner as the attorney for the class under Rule 23(g). Exhibit 7.

**E.     Rule 23(b) Requirements**

After a plaintiff has met Rule 23(a)'s requirements, the plaintiff must satisfy at lease one provision under Rule 23(b) for the class to be certified. *Rosario*, 963 F.2d at 1017. Plaintiff in this matter seeks certification under Rule 23(b)(3).

**1. Predominance**

Rule 23(b)(3) is met when "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members." FED.R.CIV.P. 23(b)(3). The predominance requirement is met when a common factual link between the class members and defendants under which the law requires a remedy exists. *Smith v. Nike Retail Servs. Inc*. 234 F.R.D. 648, 666 (N.D. Ill. 2006); 7A Charles Alan Wright, et al., *Federal Practice and Procedure* § 1778, at 528 (2d ed. 1986) (Predominance is met "when common questions represent a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is a clear justification for having the dispute on a representative rather than on an individual basis"). In this case, predominate is met as the only issue in question is whether (1) using a copy of the exact same 1990 (nineteen-hundred ninety) "Cardmember Agreement"; and (2) affirmatively characterizing the document as a, "A true and correct copy of the Cardmenber Agreement" when it is not, violates the FDCPA.

**2. Superiority**

The FDCPA itself demonstrates Congress' intent that matters should be certified to proceed as a class. 15 U.S.C. 1692k(a)(2)(B). "Consumer claims are among the most commonly certified for class treatment, given the difficulty of bringing such claims individually

8

and the common questions that are often involved." *Cavin*, 236 F.R.D. at 395 – 396 (*citing Murray v. New Cingular Wireless Svc.,* 232 F.R.D. 295, 303 (N.D. Ill. 2005); *In re Mex. Money Transfer Litig.,* 267 F.3d 743, 747 (7th Cir. 2001); *Amchem Prods. v. Windsor,* 521 U.S. 591, 625 (1997)). "A class action has to be unwieldy indeed before it can be pronounced an inferior alternative-no matter how massive the fraud or other wrongdoing that will go unpunished if class treatment is denied-to no litigation at all." *Carnegie v. Household Int'l, Inc.,* 376 F.3d 656, 661 (7th Cir. 2004).

FDCPA class actions are superior under the principal of judicial economy. *Crawford v. Equifax Payment Servs.*, 201 F.3d 877, 880 (7th Cir. 2000); *Jackson,* 227 F.R.D. at 290. FDCPA class actions are judicially efficient. *Sledge,* 182 F.R.D. at 259 (N.D. Ill. 1998).

"Rule 23(b)(3) was designed for situations such as this, in which the potential recovery is too slight to support individual suits, but injury is substantial in the aggregate." *Murray v. GMAC Mortgage Corp.,* 434 F.3d 948, 953 (7th Cir. 2006) (*citing Mace v. Van Ru Credit Corp.*, 109 F.3d 344-45 (7th Cir. 1997)); *Jackson,* 227 F.R.D. at 290 ("A class action is superior [under Rule 23(b)(3) where potential damages may be too insignificant to provide class members with incentive to pursue a claim individually"). A *de minimis* recover does not bar a class from being certified. *Mace,* 109 F.3d at 344. Here, under the FDCPA while a plaintiff can recover up to $1,000 and a class can receive up to 500,000 or 1% of defendant's net worth which ever is lesser in absence of actual damages, there is no guarantee that a prevailing plaintiff or each class member would be awarded $1,000. 15 U.S.C. § 1692k(2)(A)(B).

As the Supreme Court has noted, "[t]he policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights. A class action solves this problem

by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor." *Amchem Products, Inc.*, 521 U.S. at 617 (*quoting Mace*, 109 F.3d at 344). The "FDCPA 'contemplates class actions even though an individual recovery may be larger.'" *Warcholek*, 241 F.R.D. at 295 (*citing Nichols v. Northland Group, Inc*. 05 C 2701, 2006 U.S. Dist. LEXIS 15037 * 41 (N.D. Ill. Mar. 31, 2006)). Finally, certification of a class has value to the consumer as they are provided notice of the defendant's alleged wrongdoing and can opt-out of the class and proceed on their own if they so choose. *Warcholek*, 241 F.R.D. at 295.

## CONCLUSION

WHEREFORE, the reasons set forth in this memorandum and motion, Plaintiff requests this Honorable Court to grant Plaintiff's motion to certify the class and appoint the Warner Law Firm, LLC and Curtis C. Warner as class counsel.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner          cwarner@warnerlawllc.com
WARNER LAW FIRM, LLC
Millennium Park Plaza
151 N. Michigan Ave., Ste. 3714
Chicago, Illinois 60601
(312) 238-9820 (TEL)