IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARLOS PRIETO, individually and on behalf of a class defined herein, | ) ) ) |
| Plaintiff, | ) 08 C 2718 ) ) Judge Guzman |
| v. | ) ) Magistrate Judge Schenkier |
| HBLC, INC.; STEVEN J. FINK; and STEVEN J. FINK & ASSOCIATES, P.C., | ) ) ) |
| Defendants | ) |

**PLAINTIFF'S MOTION TO DEEM CERTAIN ALLEGATIONS IN THE COMPLAINT ADMITTED, OR IN THE ALTERNATIVE, ORDER THE FINK DEFENDANTS TO COMPLY WITH RULE 8(b)**

NOW COMES Plaintiff, Carlos Prieto ("Plaintiff") by and through his counsel and requests this Honorable Court to deem as admitted paragraphs 1, 2, 3, 12, 13, 15, 16, 21, 25 and 26 of Plaintiff's Complaint made against Defendants Steven J. Fink and Steven J. Fink & Associates, P.C. ("Fink"), or alternatively, order Fink to properly answer the allegations under Rule 8(b).

In support of his motion, Plaintiff states as follows:

**INTRODCUTION**

Plaintiff has filed a class action against Defendants Fink and HBLC, Inc. (collectively "Defendants") under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, ("FDCPA") for conduct which amounts to fraud upon the Illinois Court system and consumers through the use of a copy of the same "Cardmember Agreement" used in every state court complaint filed by Fink on behalf of HBLC, Inc. as the purported, "final transfer of Discover" during the relevant class period. (Complt. ¶ 1). However, in fact the "Cardmember

Agreement" attached to the state court complaints is a copy of the same exact document that on its face was revised on "2/90" (nineteen-hundred ninety) and has a nineteen-hundred ninety-six fax header "JAN 17 '96 09:18AM NOVUS SERVICE". (Complt. ¶ 2).

Plaintiff filed the Complaint on May 9, 2008. (Dkt. 1). On May 16, 2008, Fink was served with the Summons and Complaint. (Dkt. 7-8). On June 4, 2008, Fink's counsel motioned this Court for an extension of time until June 19, 2008, to file a responsive pleading. (Dkt. 19). On June 19, 2008, the Fink Defendants filed their pleading in response to Plaintiff's Complaint. (Dkt. 29).

Fink's responses to paragraphs 1,2,3, 13, 15, 16, 21, 25 and 26 of the Complaint flagrantly violate Rule 8(b) and demonstrate Fink's evasiveness in answering ultimate facts apparently to avoid liability on the putative class' claims. As such, Plaintiff seeks to have those paragraphs deemed as admitted or alternatively, order the Fink Defendants to properly answer the allegations under Rule 8(b).

## ARGUMENT

Rule 8(b), in pertinent part, provides:

(1) In General.
In responding to a pleading, a party must:
   (B) admit or deny the allegations asserted against it by an opposing party.

(2) Denials — Responding to the Substance.
A denial must fairly respond to the substance of the allegation.

(4) Denying Part of an Allegation.
A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest.

(6) Effect of Failing to Deny.
An allegation — other than one relating to the amount of damages — is admitted if a responsive pleading is required and the allegation is not denied. . . .

FED. R. CIV. P. 8(b).

Judges in this district have observed, "Unacceptable devices now familiar in this district include: refusing to admit something that is alleged about a document . . . and declining to respond to an allegation because it 'states a legal conclusion'" *Donnelly v. Frank Shirey Cadillac, Inc.*, Case No. 05 C 3520, 2005 U.S. Dist. LEXIS 22158 * 2-3 (N.D. Ill. Sept. 29, 2005) (Ashman, J.) (*citing State Farm Mut. Auto Inc. v. Riley*, 199 F.R.D. 276, 278-79 (N.D. Ill. 2001); *King Vision Pay Per View, Ltd. V. J.C. Dimitri's Rest., Inc.*, 180 F.R.D. 332, 333-34 (N.D. Ill. 1998)). "[R]efusing to answer an allegation because it calls for legal conclusions 'flies in the face of the established doctrine that legal conclusions are a proper part of federal pleading, to which Rule 8(b) also compels a response.'" *Id*. at * 6 (*quoting* 1999 U.S. Dist. LEXIS 12432, (citing *Neitzke v. Williams*, 409 U.S. 319, 325 (1989); *Jackson v. Marion County*, 66 F.3d 151, 153-54 (7th Cir. 1995). Fink's responsive pleading fails to adhere to the requirements of Rule 8.

Fink's responses to the following paragraphs of the Complaint are at issue:

Paragraph 1 of the Complaint:

> Plaintiff, Carlos Prieto ("Plaintiff"), brings this class action to secure redress against an unlawful credit and collection practice engaged in by Defendant HBLC, Inc. and Defendants Steven J. Fink and Steven J. Fink & Associates, P.C. ("Fink") collectively ("Defendants") that violates the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., ("FDCPA") and which perpetrates a fraud upon the Illinois Court system and consumers through the use of a copy of the same "Cardmember Agreement" used in every state court complaint filed by Fink on behalf of HBLC, Inc. as the purported, "final transfer of Discover".

Fink's Response to Paragraph 1:

> Plaintiff's attempts to assert the scope and purpose of the FDCPA, these allegations do not set forth facts, but rather conclusions which require no answer thereto. However, to the extent that they do not accurately set forth the scope and purpose of the FDCPA, Defendants deny the same.

In Paragraph 1, while the first part of the allegation cites the FDCPA it sets forth the following allegation regarding Defendants' conduct, "which perpetrates a fraud upon the

Illinois Court system and consumers through the use of a copy of the same 'Cardmember Agreement' used in every state court complaint filed by Fink on behalf of HBLC, Inc. as the purported, 'final transfer of Discover'". Here, Fink does not respond to the allegation of fact that it is the same copy of the "Cardmember Agreement" used in every state court complaint filed by Fink on behalf of HBLC, Inc. as the purported, "final transfer of Discover." As such, this ultimate fact should be deemed as admitted.

Paragraph 2 of the Complaint:

> Plaintiff complains that HBLC, Inc. and Fink have engaged in a systematic practice of filing the same copy of a two page "Cardmember Agreement" as an exhibit attached to state court collection lawsuits on behalf of HBLC, Inc. as the purported, "final transfer of Discover", Exhibit 1 attached hereto the Complaint, which is alleged to be, "A true copy of the Cardmember Agreement". However, in fact it is a copy of the same exact document that on its face was revised on "2/90" (nineteen-hundred ninety) and has a nineteen-hundred ninety-six fax header "JAN 17 '96 09:18AM NOVUS SERVICE".

Fink's Response to Paragraph 2:

> This paragraph alleges a legal conclusion to which no answer is required; to the extent that any of the allegations may be construed as asserting facts, Defendants admit that Steven J. Fink and Steven J. Fink & Associates, P.C. engage in efforts to collect on debt owned by HBLC, Inc.

Contrary to Fink's assertion that paragraph 2 of the Complaint "alleges a legal conclusion," it does not. It alleges specific acts done by Defendants using a copy of a specific document. Fink fails to answer any of the specific allegations in paragraph 2 and therefore it should be deemed as admitted.

Paragraph 3 of the Complaint:

> On or about the end of February 2008, the fax header "JAN 17 '96 09:18AM NOVUS SERVICE" was cut off and the two-page "Cardmember Agreement" was reduced into a one-page exhibit that is now attached to state court complaints filed by Defendants where HBLC, Inc. is the purported, "final transfer of Discover". A copy of the one-page "Cardmember Agreement" now used by Defendants is attached hereto as Exhibit 2.

Fink's Response to Paragraph 3:

>Defendants admit that Steven J. Fink and Steven J. Fink & Associates, P.C. engage in efforts to collect on debt owned by HBLC, Inc. To the extent that the allegations of Paragraph 3 of the Complaint fail to accurately reflect the efforts of collection by Fink, the Defendants deny the same.

Here nothing in Fink's response answers the substance of the allegation and therefore does not comply with Rule 8(b)(2). Furthermore, the "use of the locution 'to the extent' leaves this Court (as well as [plaintiff's counsel, of course) totally uncertain as to what portion of the corresponding Complaint allegations are being admitted and what portions are being denied by" the defendant. *Bell v. Ameriquest Mortg. Co.*, Case No. 04 C 5987, 2004 U.S. Dist. LEXIS 21611 * 2 (N.D. Ill. Oct. 26, 2004) (Shadur, J.). Paragraph 3 completely leaves Plaintiff's counsel guessing what is admitted and what "fail[s] to accurately reflect the efforts of collection by Fink. . . " in the averment.

Paragraph 13 of the Complaint:

>Defendant Steven J. Fink & Associates, P.C. is a debt collector as defined in 15 U.S.C. § 1692a(6) in regard to its conduct complained of herein.

Fink's Response to Paragraph 13

>This paragraph alleges a legal conclusion to which no answer is required; to the extent that any of the allegations may be construed as asserting facts, Defendants admit that Steven J. Fink & Associates engage in efforts to collect on debt owned by HBLC, Inc.
>
>15 U.S.C. § 1692a(6) provides:
>
>The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

5

Fink's response should be deemed as an admission given the definition of "debt collector."

Paragraph 15 of the Complaint:

> Defendant Steven J. Fink is a debt collector as defined in 15 U.S.C. § 1692a(6) in regard to its conduct complained of herein.

Fink's Response to Paragraph 15:

> This paragraph alleges a legal conclusion to which no answer is required; to the extent that any of the allegations may be construed as asserting facts, Defendants admit that Steven J. Fink & Associates engage in efforts to collect on debt owned by HBLC, Inc.

First, the response to paragraph 15 fails to admit or deny the allegation made to Steven J. Fink only, as the response states that the admission is limited to only "Steven J. Fink & Associates." Second, given the admission in paragraph 14 that, "Defendants admit that Steven J. Fink's practice includes the collection of debts purchased by HBLC, Inc." and the definition of a "debt collector," paragraph 15 should be deemed as admitted.

Paragraph 16 of the Complaint:

> Under Illinois law, Steven J. Fink is personally responsible for the acts and omissions of his professional corporation that he directs or in which he participates. Additionally, on information and belief all of the state court complaints containing the acts complained of herein contain the signature of Steven J. Fink.

Fink's Response to Paragraph 16:

> This paragraph alleges a legal conclusion to which no answer is required; to the extent that any of the allegations may be construed as asserting facts, Defendants admit that Steven J. Fink & Associates engage in efforts to collect on debt owned by HBLC, Inc.

While the first sentence of the allegation does contain an application of law to fact it still must be answered. The first sentence also leaves the allegation open to whether Steven J. Fink directs or participates in his professional corporation Steven J. Fink & Associates, P.C. The

6

second sentence which is entirely factual, "all of the state court complaints containing the acts complained of herein contain the signature of Steven J. Fink" is not even responded to and as such should be deemed admitted.

Paragraph 21 of the Complaint:

>The state court complaint alleged, "That Defendant(s) opened a DISCOVER credit card . . . . A true and correct copy of the Cardmenber Agreement is attached hereto as Exhibit '2'".

Fink's Response to Paragraph 21:

>Defendants admit that a state court complaint was filed against Carlos Prieto, case number 08 M1 116396, in the Circuit Court of Cook Court.

Paragraph 21, fails to admit the language on the face of the state court complaint filed against Plaintiff that is expressly defined in paragraph 20. Furthermore, Finks' response seem to indicate that they know that they filed suit against Plaintiff and therefore should be required to admit the substance of the quotation which is alleged in paragraph 21 to be within the document.

Paragraph 25 of the Complaint:

>A spot check of cases filed in Cook County, Illinois by Defendants where HBLC, Inc., files suit as the "final transfer if Discover" shows the following cases contained the same form complaint containing the language, "A true and correct copy of the Cardmenber Agreement is attached hereto as Exhibit '2'" and a copy of the same "Cardmember Agreement":
>
>a.     HBLC, Inc., final transfer of Discover v. Tamela Jasper, 08 M1 120347 (filed February 2008) attached hereto as Exhibit 4;
>b.     HBLC, Inc., final transfer of Discover v. Taiphachan Keobowavanh, 08 M1 120345 (filed February 2008) attached hereto as Exhibit 5;
>c.     HBLC, Inc., final transfer of Discover v. Antoinette Peterson, 08 M1 116395 (filed February 2008) attached hereto as Exhibit 6;
>d.     HBLC, Inc., final transfer of Discover v. Keri Conrad, 07 M1 160045 (filed June 2007) attached hereto as Exhibit 7;
>e.     HBLC, Inc., final transfer of Discover v. Tina Celeste, 07 M1 160046 (filed June 2007) attached hereto as Exhibit 8.

Fink's Response to Paragraph 25:

>Defendants do not have sufficient knowledge to form a belief as to the "spot check". But admit Exhibits 4-8 are complaints.

Here the substance of the allegation is not the meaning of a "spot check", but in the allegation that in, "cases filed in Cook County, Illinois by Defendants where HBLC, Inc., files suit as the 'final transfer of Discover'" the following cases contained the same form complaint containing the language, "A true and correct copy of the Cardmenber Agreement is attached hereto as Exhibit '2'" and a copy of the same "Cardmember Agreement" also alleging that the documents attached to Plaintiff's complaint are in fact the actual complaints that Fink filed on behalf of HLBC, Inc.  Finks' response that they are "complaints" does not comport with either Rule 8(b)(1)(B) or 8(b)(2) as it is nothing more than a qualified admission to something that was not the substance of the allegation.

Paragraph 26 of the Complaint:

>The debt sought to be collected in Exhibit 3 was incurred primarily for personal, family or household purposes and therefore is a "debt" within the definition set forth in 15 U.S.C. § 1692a(5).

Fink's Response to Paragraph 26:

>This paragraph alleges a legal conclusion to which no answer is required; to the extent that any of the allegations may be construed as asserting facts, Defendants admit that Steven J. Fink and Steven J. Fink & Associates, P.C. engage in efforts to collect on debt owned by HBLC, Inc.

15 U.S.C. § 1692a(5) provides:

The term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

First, oddly without simply admitting that Defendants sued Plaintiff on a "debt", Fink rambles on in boilerplate fashion[1] that Fink, "engage[s] in efforts to collect on *debt* owned by HBLC, Inc." (Dkt. 29, p. 9) (emphasis added).  Finally, given the fact that Fink on behalf of HLBC, Inc. plead in the state court complaint, which was filed against Plaintiff, "That Defendant(s) opened an DISCOVER credit card . . . and made purchases and charged the same . . . " (Dkt. 1, Complt. Ex. 3 ¶ 2), and the definition of "debt" paragraph 26 should be deemed as admitted.

## CONCLUSION

WHEREFORE, for the reasons stated above, Plaintiff requests this Honorable Court to deem as admitted paragraphs 1, 2, 3, 12, 13, 15, 16, 21, 25 and 26 of Plaintiff's Complaint as to the Fink Defendants or alternatively, order the Fink Defendants to properly answer the allegations under Rule 8(b).

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner            cwarner@warnerlawllc.com
WARNER LAW FIRM, LLC
Millennium Park Plaza
151 N. Michigan Ave., Ste. 3714
Chicago, Illinois 60601
(312) 238-9820 (TEL)

Laura K. Bautista
205 W. Monroe, 4th Floor
Chicago, Illinois 60606
(773) 512-5796 (TEL)

---

[1] Defendants responded to paragraphs 2, 13, 15 and 16 in the same manner.