## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CARLOS PRIETO, individually and on behalf of a class defined herein, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.:  08 CV 2718 |
| HBLC, INC., STEVEN J. FINK and STEVEN J. FINK & ASSOCIATES, P.C., | ) ) ) | Judge Ronald Guzman Magistrate Judge Schenkier |
| Defendants. | ) ) | |

## ANSWER TO COMPLAINT

Defendant, HBLC, Inc. ("HBLC"), by and through its attorneys, David M. Schultz and

Corinne C. Heggie, and for its Answer to Plaintiff's Complaint states as follows:

1.    Plaintiff, Carlos Prieto ("Plaintiff"), brings this class action to secure redress against an unlawful credit and collection practice engaged in by Defendant HBLC, Inc. and Defendants Steven J. Fink and Steven J. Fink & Associates, P.C. ("Fink") collectively ("Defendants") that violates the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA") and which perpetrates a fraud upon the Illinois Court system and consumers through the use of a copy of the same "Cardmember Agreement" used in every state court complaint filed by Fink on behalf of HBLC, Inc. as the purported, "final transfer of Discover".

**ANSWER:    HBLC admits Plaintiff's Complaint alleges claims on behalf of a putative class against it under the FDCPA.  HBLC denies that a class exists, denies that it committed any violation of the FDCPA, denies that it "perpetrates a fraud upon the Illinois Court system and consumers" and therefore denies plaintiff is entitled to any damages whatsoever against it under the FDCPA.  HBLC is without knowledge or information sufficient to form a belief as to the truth or the falsity of the remaining allegations contained in paragraph 1.**

2.    Plaintiff complains that HBLC, Inc. and Fink have engaged in a systematic practice of filing the same copy of a two page "Cardmember Agreement" as an exhibit attached to state court collection lawsuits on behalf of HBLC, Inc. as the purported, "final transfer of Discover", Exhibit 1 attached hereto to be, "A true copy of the Cardmember Agreement". However, in fact it is a copy of the same exact document that on its face was revised on "2/90" (nineteen-hundred ninety) and has a nineteen-hundred ninety-six fax header "JAN 17 '96 09:18AM NOVUS SERVICE".

**ANSWER:    HBLC admits plaintiff complains about the exhibits attached to its state court complaints.  HBLC admits the state court complaint attached to plaintiff's federal Complaint states that HBLC sued Prieto as "HBLC, Inc. final transfer of Discover."**

**HBLC admits that it does file lawsuits to which card member agreements are attached. HBLC denies that paragraph 2 accurately characterizes its business. HBLC denies it violated the FDCPA and denies that the state court complaint attached to plaintiff's federal Complaint is deficient under either state or federal law. HBLC denies each and every remaining allegation contained in paragraph 2.**

3.     On or about the end of February 2008, the fax header "JAN 17 '96 09:18AM NOVUS SERVICE" was cut off and the two-page "Cardmember Agreement" was reduced into a one-page exhibit that is now attached to state court complaints filed by Defendants where HBLC, Inc. is the purported, "final transfer of Discover". A copy of the one-page "Cardmember Agreement" now used by Defendants is attached hereto as Exhibit 2.

**ANSWER:     HBLC admits a copy of what plaintiff purports is the one-page "cardmember (sic) Agreement" is attached to his federal Complaint as Exhibit 2. HBLC is without knowledge or information sufficient to form a belief as to the truth or the falsity of the remaining allegations contained in paragraph 3**.

4.     The FDCPA was enacted, "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

**ANSWER:     HBLC admits paragraph 4 recites portions of §1692e of the FDCPA. HBLC denies plaintiff has any claim against it under §1692e and denies it violated §1692e.**

## JURISDICTION AND VENUE

5.     This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 15 U.S.C. § 1692k (FDCPA).

**ANSWER:     HBLC does not contest jurisdiction.**

6.     Venue and personal jurisdiction over Defendants in this District is proper because:

a.     Plaintiff is a resident of Cook County, Illinois which is within in the District;

b.     HBLC, Inc. transacts business in the District through litigation against consumers who are located within the District;

c.     Fink maintains an office and transacts business in the District; and

d.     Defendants' collection activities occurred within the District.

**ANSWER:     HBLC does not contest venue**.

## PARTIES

7.     Plaintiff is an individual who resides in Cook County, Illinois.

**ANSWER:    At the time this Answer is made, HBLC is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 7.**

8.      HBLC, Inc. is an Illinois Corporation. Its registered agent and offices are Jennifer L. McAllister, 421 N. Northwest Hwy., Suite 201, Barrington, Illinois 60010. Lawrence Splig ("Splig") is the President and Secretary of HBLC, Inc., has an equity interest in the company and lists his address with the Illinois Secretary of State as being that of Jennifer L. McAllister ("McAllister"), 421 N. Northwest Hwy., Suite 201, Barrington, Illinois 60010. According to the Illinois Attorney Registration & Disciplinary Commission's website Jennifer L. McAllister is an attorney at Jennifer L. McAllister, P.C. Splig and McAllister are husband and wife.

**ANSWER:    HBLC admits it is an Illinois corporation.   HBLC admits its registered agent is Jennifer L. McAllister, 421 N. Northwest Highway, Suite 201 Barrington, IL  60010.   Lawrence Splig is the President of HBLC.   HBLC admits Ms. McCallister is an attorney licensed in the State of Illinois.  HBLC admits Mr. Splig and Ms. McCallister are husband and wife.   HBLC states the term "equity interest" is vague and therefore denies each and every remaining allegation contained in paragraph 8.**

9.      HBLC, Inc. business activities include the acquisition of assets. These assets that are acquired by HBLC, Inc. are consumer debt that are in default at the time of HBLC Inc.'s acquisition.

**ANSWER:    HBLC admits that it buys consumer debts some of which are in default at the time of purchase.   HBLC denies each and every remaining allegation in paragraph 9**.

10.      HBLC, Inc. is a debt collector as defined in 15 U.S.C. § 1692a(6) in regard to its conduct complained of herein.

**ANSWER:    HBLC admits the allegations contained in paragraph 10.**

11.      Defendant Steven J. Fink & Associates, P.C. is an Illinois Corporation. Its office and registered agent is Steven J Fink, 25 E. Washington, Suite 1233, Chicago, Illinois 60602.

**ANSWER:    The allegations contained in paragraph 11 are not directed to HBLC, Inc. and therefore, no response is made.   If an answer is deemed necessary, HBLC admits Steven J. Fink & Associates has offices located at 25 E. Washington, Suite 1233, Chicago, IL 60602.   HBLC is without knowledge or information sufficient to form a belief as to the truth or the falsity of the remaining allegations contained in paragraph 11.**

12.      Defendant Steven J. Fink & Associates, P.C.'s practice involves the regular collection of debts owed to others.

**ANSWER:    The allegations contained in paragraph 12 are not directed to HBLC, Inc. and therefore, no response is made.   If an answer is deemed necessary, HBLC is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 12.**

13.      Defendant Steven J. Fink & Associates, P.C. is a debt collector as defined in 15 U.S.C. § 1692a(6) in regard to its conduct complained of herein.

**ANSWER:**    The allegations contained in paragraph 13 are not directed to HBLC, Inc. and therefore, no response is made.    If an answer is deemed necessary, HBLC is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 13.

14.    Defendant Steven J. Fink is an individual attorney whose practice involves the regular collection of debts owed to others.

**ANSWER:**    The allegations contained in paragraph 14 are not directed to HBLC, Inc. and therefore, no response is made.    If an answer is deemed necessary, HBLC is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 14.

15.    Defendant Steven J. Fink is a debt collector as defined in 15 U.S.C. § 1692a(6) in regard to its conduct complained of herein.

**ANSWER:**    The allegations contained in paragraph 15 are not directed to HBLC, Inc. and therefore, no response is made.    If an answer is deemed necessary, HBLC is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 15.

16.    Under Illinois law, Steven J. Fink is personally responsible for the acts and omissions of his professional corporation that he directs or in which he participates. Additionally, on information and belief all of the state court complaints containing the acts complained of herein contain the signature of Steven J. Fink.

**ANSWER:**    The allegations contained in paragraph 16 are not directed to HBLC, Inc. and therefore, no response is made.    If an answer is deemed necessary, HBLC is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 16.

## FACTS RELATED TO CLASS MATTERS

17.    HBLC, Inc. prior to filing suit against a consumer obtains none or virtually no documentation sustaining that the purported debtor actually owes money to anyone. If HBLC, Inc. wanted such documentation it would have to pay more money to obtain such documentation, if any documentation supporting the purported debt exist at all.

**ANSWER:**    HBLC denies the allegations contained in paragraph 17.

18.    To make up for this self-created deficiency HBLC, Inc. used a document in the form of Exhibit 1 and now in the form of Exhibit 2 in support HBLC, Inc.'s claims against consumers when HBLC, Inc. sues as "HBLC, Inc., final transfer of Discover".

**ANSWER:**    HBLC denies the allegations contained in paragraph 18.

19.    Documents in the form of Exhibit 1 were and Exhibit 2 are now used to make it appear to the state court judge that HBLC, Inc. has attached the consumer's purported actual "Cardmember Agreement", a purported written contract, to the state court complaint.

**ANSWER:**    HBLC denies the allegations contained in paragraph 19.

4

20.     Fink filed suit in HBLC Inc.'s name against Plaintiff, HBLC, Inc., final transfer of Discover v. Carlos Prieto, 08 Ml 116396, Circuit Court of Cook County, Illinois, Municipal Division, First District. Attached hereto as Exhibit 3 is a copy of the state court complaint filed against Plaintiff.

**ANSWER:     HBLC admits the allegations contained in paragraph 20.**

21.     The state court complaint alleged, "That Defendant(s) opened a DISCOVER credit card . . . . A true and correct copy of the Cardmember Agreement is attached hereto as Exhibit '2'".

**ANSWER:     HBLC admits the allegations contained in paragraph 21.**

22.     Defendants' statement that, "A true and correct copy of the Cardmember Agreement is attached hereto as Exhibit '2'" is false.

**ANSWER:     HBLC denies the allegations contained in paragraph 22.**

23.     On information and belief, Defendants' state court complaint is a form complaint and each and every suit that Defendants file on a purported Discover "Cardmember Agreement" contain the same language, "A true and correct copy of the Cardmember Agreement is attached hereto as Exhibit '2'."

**ANSWER:     HBLC admits that the state court complaint filed against Prieto appears to be a form complaint.  HBLC admits that some suits filed on a purported Discover "Cardmember agreement" contain the language "[a] true and correct copy of the Cardmember Agreement is attached."  HBLC is without information sufficient to form a belief as to the truth or the falsity of the remaining allegations contained in paragraph 23 at the time this Answer is made.**

24.     On information and belief, Defendants' state court complaints contain copies of the exact same purported, "Cardmember Agreement" where HBLC, Inc., files suit as the "final transfer of Discover".

**ANSWER:     HBLC admits that some suits filed in state court are filed on HBLC's behalf as "HBLC, Inc. the final transfer of Discover."  HBLC admits that some of its state court complaints attached copies of card member agreements.   HBLC is without information sufficient to form a belief as to the truth or the falsity of the remaining allegations contained in paragraph 24 at the time this Answer is made.**

25.     A spot check of cases filed in Cook County, Illinois by Defendants where HBLC, Inc., files suit as the "final transfer if Discover" shows the following cases contained the same form complaint containing the language, "A true and correct copy of the Cardmember Agreement is attached hereto as Exhibit `2' and a copy of the same "Cardmember Agreement":

a.     HBLC, Inc., final transfer of Discover v. Tamela Jasper, 08 Ml 120347 (filed February 2008) attached hereto as Exhibit 4;

6326575v1 889178

b.      HBLC, Inc., final transfer of Discover v. Taiphachan Keobowavanh, 08 Ml 120345 (filed February 2008) attached hereto as Exhibit 5;

c.      HBLC, Inc., final transfer of Discover v. Antoinette Peterson, 08 Ml 116395 (filed February 2008) attached hereto as Exhibit 6;

d.      HBLC, Inc., final transfer of Discover v. Keri Conrad, 07 Ml 160045 (filed June 2007) attached hereto as Exhibit 7;

e.      HBLC, Inc., final transfer of Discover v. Tina Celeste, 07 Ml 160046 (filed June 2007) attached hereto as Exhibit 8.

**ANSWER:    HBLC admits that plaintiff attaches copies of what purport to be lawsuits HBLC has filed in state court as "HBLC, Inc. final transfer of Discover" to his federal Complaint.  HBLC states the word "spot check" is vague and ambiguous.  At the time this Answer is made, HBLC is without knowledge or information sufficient to admit the truth or the falsity of the remaining information contained in paragraph 25 (a) through (e) inclusive thereof.**

### FACTS RELATED TO PLAINTIFF ONLY

26.     The debt sought to be collected in Exhibit 3 was incurred primarily for personal, family or household purposes and therefore is a "debt" within the definition set forth in 15 U.S.C. § 1692a(5).

**ANSWER:    At the time this Answer is made, HBLC is without knowledge or information sufficient to admit the truth or the falsity of the information contained in paragraph 26.**

27.     The debt sought to be collected in Exhibit 3 has been in default for more than 5 (five) years.

**ANSWER:    Upon information and belief, HBLC admits the allegations contained in paragraph 27.**

### COUNT I – FDCPA § 1692E VIOLATIONS
### CLASS ALLEGATION

28.     Plaintiff incorporates paragraphs 1-25e above.

**ANSWER:    HBLC restates and realleges its answers to paragraphs 1-25e as and for its answer to paragraph 28 of Count I.**

29.     15 U.S.C. § 1692e, in pertinent part, provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

* * *

6

6326575v1 889178

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

**ANSWER:    HBLC admits paragraph 29 recites portions of §1692e.  HBLC denies it violated §1692e and denies the allegations contained in paragraph 29 of Count I**.

30.    Under Illinois law, 735 ILCS 5/13-206 for there to be a "written contract" the writing must: (1) identifies the parties, (2) states the date of the agreement, (3) contains the signatures of the parties, (4) and sets forth all terms of the parties' agreement. *Brown v. Goodman*, 147 Ill. App. 3d 935, 940, 498 N.E.2d 845 (1st Dist. 1986); *Clark v. Western Union Telegraph Co.*, 141 Ill. App. 3d 174, 176, 490 N.E.2d (1st Dist. 1986); Weaver v. Watson, 130 Ill N.E.2d 759, 762 (5th Dist. 1984); *Munsterman v. Illinois Agricultural Auditing Association*, 106 Ill. App. 3d 237, 238-39, 435 N.E.2d 923, 925 (3rd Dist. 1982); *O.K. Electric Co. v. Fernandes*, 111 Ill. App. 3d 466, 444 N.E.2d 264, 267, 67 Ill. Dec. 225 (Ill. App. Ct. 1982); *Plocar v. Dunkin' Donuts of America, Inc.*, 103 Ill. App. 3d 740, 748, 431 N.E.2d 1175, 59 Ill. Dec. 418 (1st. Dist. 1981); *Baird & Warner, Inc. v. Addison Industrial Park, Inc*., 70 Ill. App. 3d 39, 73, 387 N.E. 831, 838 (1st Dist. 1979).

**ANSWER:    HBLC admits plaintiff recites case law and paraphrases §5/13-206 of the Illinois Code of Civil Procedure.  HBLC denies plaintiff accurately characterizes §5/13-206 or the case law cited in paragraph 30 and therefore denies the allegations contained in paragraph 30 of Count I**.

31.    On information and belief, the majority of judgments HBLC, Inc. obtains against consumers are default judgments.

**ANSWER:    HBLC denies it violated §1692e and denies the allegations contained in paragraph 31 of Count I.**

32.    It is suggested that over 90% of collection suits filed against consumers where service of process is made on the consumer result in a default judgment being entered against the consumer. *Harvey v. Great Seneca Fin. Corp*., 453 F.3d 324, 327 (6th Cir. 2006); See also *Chavez v. Bowman, Heintz, Boscia & Vician*, 07 C 640, Dkt. 42-2, Affidavit of Gerald E. Bowman, pp. 7-8 ¶ 14 (N.D. Ill. Oct. 3, 2007) (law firm obtains a majority of judgments for creditors by default judgment on debt collection cases it filed in Cook County, Illinois).

**ANSWER:    HBLC admits plaintiff recites case law and paraphrases holdings of the case law cited in paragraph 32.  HBLC denies plaintiff accurately characterizes the case law cited in paragraph 32 and therefore denies the allegations contained in paragraph 32 of Count I.**

33.    The purpose and effect of Exhibit 1 and Exhibit 2 is to falsely represent that HBLC, Inc. has attached the actual "written contract" of the consumer it has sued in order to obtain a default judgment against a consumer who fails to object to the state court complaint.

**ANSWER:    HBLC denies the allegations contained in paragraph 33 of Count I.**

34.    The use of copies of Exhibit 1 and Exhibit 2 coupled with Defendants' false statement, "A true and correct copy of the Cardmember Agreement is attached hereto as Exhibit `2' amounts to a fraud being perpetrated upon the state court.

**ANSWER:**     **HBLC denies the allegations contained in paragraph 34 of Count I.**

35.     Defendants violated 15 U.S.C. §§ 1692e(10).

**ANSWER:**     **HBLC denies the allegations contained in paragraph 35 of Count I.**

## COUNT II – FDCPA § 1692F
## CLASS ALLEGATION

36.     Plaintiff incorporates paragraphs 1-25e above.

**ANSWER:**     **HBLC restates and realleges its answers to paragraphs 1-25e as and for its answer to paragraph 36 of Count II.**

37.     15 U.S.C. §1692f in pertinent part, states, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

**ANSWER:**     **HBLC admits paragraph 37 paraphrases §1692f.  HBLC denies it violated §1692f and therefore denies the allegations contained in paragraph 37 of Count II.**

38.     Defendants violated 15 U.S.C. § 1692f.

**ANSWER:**     **HBLC denies the allegations contained in paragraph 38 of Count II**.

## CLASS ALLEGATION

39.     Plaintiff brings this action on behalf of a class consisting of (a) all natural persons with an Illinois address (b) where Fink on behalf of HBLC, Inc. filed a lawsuit against the person (c) where an exhibit in either the form of Exhibit 1 or Exhibit 2 was attached to the state court complaint (d) where the state court complaint stated that the exhibit in either the form of Exhibit 1 or Exhibit 2 was, "A true and correct copy of the Cardmember Agreement" (e) during a period beginning 1 year from the date of the filing of this lawsuit and ending 20 days after its filing.

**ANSWER:**     **HBLC denies that a class exists, denies that a class should be certified and therefore denies the allegations contained in paragraph 39.**

40.     There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominate question is whether the use of document Exhibit 1 or Exhibit 2 coupled with the statement in the state court complaint, "A true and correct copy of the Cardmember Agreement is attached hereto as Exhibit '2' violates the FDCPA.

**ANSWER:**     **HBLC denies that a class exists, denies that a class should be certified and therefore denies the allegations contained in paragraph 40.**

41.     Plaintiff's claims are typical of the claims of the class members in regard to the form document attached as Exhibit 1 and Exhibit 2. All are based on the same factual and legal theories.

**ANSWER:    HBLC denies that a class exists, denies that a class should be certified and therefore denies the allegations contained in paragraph 41.**

42.    The class is no numerous that joinder of all members is impractical. On information and belief there are over 35 persons in Cook County, Illinois alone who fit the putative class definition above.

**ANSWER:    HBLC denies that a class exists, denies that a class should be certified and therefore denies the allegations contained in paragraph 42.**

43.    Plaintiff will fairly and adequately represent the members of the class.

**ANSWER:    HBLC denies that a class exists, denies that a class should be certified and therefore denies the allegations contained in paragraph 43.**

44.    Plaintiff has retained experienced counsel in FDCPA matters and class action litigation.

**ANSWER:    HBLC denies that a class exists, denies that a class should be certified and therefore denies the allegations contained in paragraph 44.**

45.    A class action is superior for the fair and efficient adjudication of this matter in that:

a.    Defendants course of conduct arises out of a single transaction, involving a form document affecting a large group of individuals;

b.    Individual actions are not economical;

c.    Congress contemplated class actions as a means of enforcing the FDCPA; and

d.    The Class members are unaware of the fraud that has perpetrated upon them.

**ANSWER:    HBLC denies that a class exists, denies that a class should be certified and therefore denies the allegations contained in paragraph 45, (a) through (d) inclusive thereof.**

6326575v1 889178

## COUNT III — FDCPA § 1692E VIOLATIONS
## PLAINTIFF'S ADDITIONAL INDIVIDUAL ALLEGATION

46.    Plaintiff incorporates paragraphs 1-27 above.

**ANSWER:    HBLC restates and realleges its answers to paragraphs 1-27 as and for its answer to paragraph 46 of Count III.**

47.    The statute of limitations applicable to an action on a contract that is not wholly in writing under Illinois law is five years. 735 ILCS 5/13-205. *Parkis v. Arrow Financial Services, LLC,* 07 C 410, 2008 U.S. Dist. LEXIS 1212 (N.D.Ill., Jan. 8, 2008); *Nicolai v. Mason*, 118 Ill. App. 3d 300; 454 N.E.2d 1049 (5th Dist. 1983).

**ANSWER:    HBLC admits plaintiff recites case law and paraphrases §5/13-205 of the Illinois Code of Civil Procedure.  HBLC denies plaintiff accurately characterizes §5/13-205 or the case law cited in paragraph 47 and therefore denies the allegations contained in paragraph 47 of Count III.**

48.    Furthermore, a contract is not wholly in writing if it is subject to change from time to time by means of one party sending terms to the other and the other continuing to do business or failing to object. *Toth v. Mansell*, 207 Ill. App. 3d 665, 669, 566 N.E.2d 730, 733 (1st Dist. 1990); *Classified Ventures, Inc. v. Wrenchead, Inc*., 06 C 2373, 2006 U.S. Dist. LEXIS 77359 (N.D.Ill., October 11, 2006). This is because parol evidence is necessary to show what to time and that the putative debtor accepted them by continuing to do business.

**ANSWER:    HBLC admits plaintiff paraphrases holdings of various cases in paragraph 48.  HBLC denies plaintiff accurately characterizes the cases' holdings and therefore denies the allegations contained in paragraph 48 of Count III.**

49.    Defendants conduct of filing the state court complaint against Plaintiff on a time-barred debt violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5) and 1692e(10).

**ANSWER:    HBLC denies the allegations contained in paragraph 49.**

WHEREFORE, Defendant, HBLC, Inc. respectfully request that this Court enter judgment in its favor and against Plaintiff on Plaintiff's Complaint and for any other relief that this Court deems appropriate and just.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

6326575v1 889178

### SECOND AFFIRMATIVE DEFENSE

Any violation of the Fair Debt Collection Practices Act, which HBLC, Inc. denied occurred, was not intentional and the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error. HBLC reviews accounts prior to assigning them to outside collection counsel to check the charge off date and if possible the date the card was opened. Based on its understanding of Illinois law and how its collection counsel handle collection suits on its (HBLC's) behalf, HBLC will assign accounts to collection counsel that are within the 10 year statute of limitations for credit card debt and those complaints will often have the card member agreements attached to demonstrate, among other things, that attorneys fees can be recovered. *Harris Trust and Savings Bank v. McCray*, 21 Ill. App.3d 605 (1st Dist. 1974). HBLC will not assign accounts to collection counsel where the charge off date is over 10 years. HBLC will not assign accounts to collection counsel when HBLC does not have a charge off date.

### THIRD AFFIRMATIVE DEFENSE

HBLC, Inc., as an assignee of Discover, stands in the shoes and obtains all the rights Discover obtained when Prieto opened his Discover credit card account when Discover transferred the account to HBLC, Inc. HBLC, Inc. thus has standing to sue Prieto for the unpaid balance. See, *PRA, III LLC v. Cheryl Hund*, 364 Ill. App. 3d 378, 846 N.E.2d 965 (3rd Dist. 2006); *Olvera v. Blitt & Gaines,* 431 F.2d 285 (7th Cir. 2005); *Vickey v. Asset Acceptance, LLC,* 2004 WL 1510026, *2 (N.D.Ill. 2004).

### FOURTH AFFIRMATIVE DEFENSE

HBLC, Inc.'s litigation in Cook County, Illinois against Prieto is not time-barred because the ten year statute of limitations applies to credit card debt for lines of credit obtained by a bank or lending institution and partial payment of the debt tolls the 10 year statute of limitations.

11

*Harris Trust and Savings Bank v. McCray*, 21 Ill. App.3d 605 (1st Dist. 1974); *Davis v. World Credit Fund I, LLC*, 543 F. Supp.2d 953, 957 (N.D.Ill. 2008); *St. Francis Medical Ctr. v. Vernon*, 217 Ill. App.3d 287, 289 (1991).

### FIFTH AFFIRMATIVE DEFENSE

HBLC, Inc. did not violate the FDCPA by failing to attach Prieto's credit card agreement to the Collection Complaint because Prieto's use of the credit card created the contract between Ramirez and the original creditor, not Prieto's completion of the credit cardholder agreement with the original creditor. *Garber v. Harris Trust & Savings Bank,* 104 Ill. App.3d 675 (1st Dist. 1982).

### SIXTH AFFIRMATIVE DEFENSE

HBLC, Inc. asserts that arbitration may be the appropriate venue for Prieto's claims, as HBLC, Inc. may possess certain arbitration rights based on contracts entered into by Prieto.

### SEVENTH AFFIRMATIVE DEFENSE

HBLC, Inc. is entitled to a set-off or recoupment based on the amount owed on Prieto's Discover account.

### EIGHTH AFFIRMATIVE DEFENSE

HBLC, Inc. states it is entitled to assert the litigation privilege as a bar to Prieto's FDCPA claims. Prieto challenges statements made by HBLC, Inc. in the collection litigation, and specifically the collection complaint and its attachments. Prieto claims those documents contain false, deceptive and misleading statements because HBLC, Inc. represented that it had the written contract and filed a suit that was time barred using form Discover card member agreements. However, the collection complaint and attachments were filed and prepared in the underlying litigation and thus the statements are protected by the litigation privilege. As such HBLC, Inc. can assert the litigation privilege to Prieto's FDCPA claims to the extent they are

6326575v1 889178

based on the collection complaint and attachments thereto. *MacGregor v. Rutberg*, no. 06-2829, slip op., p. 2-3 (7th Cir. February 27, 2007); *Sengchanthalangsy v. Accelerated Recovery Specialists, Inc., et al*., slip op., case no. 06CV1124 JAH (BLM), *6-7 (S.D.Cal. February 14, 2007); *see also, Malevits v. Friedman*, 753 N.E.2d 404, 406-7 (Ill. App. 1st Dist. 2001); *NSB Tech. Inc. v. Spec. Direct Marketing, Inc*., 2004 WL 1918708, *3 (N.D.Ill. 2004).

Respectfully submitted,

By: s/Corinne C. Heggie
    One of the Attorneys for Defendant,
    **HBLC, Inc.**

David M. Schultz
Corinne C. Heggie
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, Illinois  60601
(312) 704-3000

6326575v1 889178