IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARLOS PRIETO, Individually and on behalf of a class defined herein, ) ) | | |
| Plaintiff, ) | | |
| vs. ) | No. | 08 CV 2718 |
| ) | | Judge Guzman |
| HBLC, INC.; STEVEN J. FINK; and ) | | Magistrate Judge Schenkier |
| STEVEN J. FINK & ASSOCIATES, P.C., ) | | |
| Defendants. ) | | JURY TRIAL DEMANDED |

## AMENDED ANSWER

NOW COME the Defendants, STEVEN J. FINK and STEVEN J. FINK & ASSOCIATES, P.C. ("Fink") by and through counsel, KONICEK & DILLON, P.C., and for their Amended Answer to the Class Action Complaint filed by Plaintiff, state as follows:

1.  Plaintiff, Carlos Prieto ("Plaintiff"), brings this class action to secure redress against an unlawful credit and collection practice engaged in by Defendant HBLC, Inc. and Defendants Steven J. Fink and Steven J. Fink & Associates, P.C. ("Fink") collectively ("Defendants") that violates the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, ("FDCPA") and which perpetrates a fraud upon the Illinois Court system and consumers through the use of a copy of the same "Cardmember Agreement" used in every state court complaint filed by Fink on behalf of HBLC, Inc. as the purported, "final transfer of Discover".

**ANSWER:** Fink admits Plaintiff's Complaint alleges claims on behalf of a putative class against them under FDCPA. Fink denies that a class exists, denies that they committed any violation of the FDCPA, denies that there actions "perpetrates a fraud upon the Illinois Court system and consumers" and therefore denies plaintiff is entitled to any damages

whatsoever against them under FDCPA. Fink is without knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 1.

2.   Plaintiff complains that HBLC, Inc. and Fink have engaged in a systematic practice of filing the same copy of a two page "Cardmember Agreement" as an exhibit attached to state court collection lawsuits on behalf of HBLC, Inc. as the purported, "final transfer of Discover", <u>Exhibit 1</u> attached hereto the Complaint, which is alleged to be, "A true copy of the Cardmember Agreement". However, in fact it is a copy of the same exact document that on its face was revised on "2/90" (nineteen-hundred ninety) and has a nineteen-hundred ninety-six fax header "JAN 17 '96 09:18AM NOVUS SERVICE".

**ANSWER:**   Fink admits plaintiff complains about the exhibits attached to the state court complaints. Fink admits the state court complaint attached to Plaintiff's Federal Complaint states that HBLC suied Prieto as "HBLC, Inc. final transfer of Discover." Fink admits that lawsuits were filed to which card member agreements are attached. Fink denies that they violated the FDCPA and denies that the state court complaint attached to Plaintiff's Federal Complaint is deficient under either state or federal law. Fink denies each and every remaining allegation contained in Paragraph 2.

3.   On or about the end of February 2008, the fax heard "JAN 17 '96 09:18AM NOVUS SERVICE" was cut off and the two-page "Cardmember Agreement" was reduced into a one-page exhibit that is now attached to state court complaints filed by Defendants where HBLC, Inc. is the purported, "final transfer of Discover". A copy of the one-page "Cardmember Agreement" now used by Defendants is attached hereto as <u>Exhibit 2</u>.

**ANSWER:** Fink admits a copy of what plaintiff purports is the one page "cardmember (sic) agreement" is attached to his federal complaint as Exhibit 2. Fink is without knowledge to form a sufficient belief as to the truth of falsity of the remaining allegations contained in paragraph 3.

4. The FDCPA was enacted, "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

**ANSWER:** This paragraph alleges a legal conclusion to which no answer is required.

### JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 15 U.S.C. §1692k (FDCPA).

**ANSWER:** Defendants object to this Court's jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692(k) (FDCPA) based on the Rooker-Feldman Doctrine.

6. Venue and personal jurisdiction over Defendants in this District is proper because:

    a. Plaintiff is a resident of Cook County, Illinois which is within in the District;

    b. HBLC, Inc. transacts business in the District through litigation against consumers who are located within the District;

    c. Fink maintains an office and transacts business in the District; and

    d. Defendants' collection activities occurred within the District.

**ANSWER:** Defendants admit the allegations set forth in Paragraph 6 of the Complaint.

7.  Plaintiff is an individual who resides in Cook County, Illinois.

**ANSWER:** Upon information and belief, Defendants admit the allegations set forth in Paragraph 7 of the Complaint.

8.  HBLC, Inc. is an Illinois Corporation. Its registered agent and offices are Jennifer L. McAllister, 421 N. Northwest Hwy., Suite 201, Barrington, Illinois 60010. Lawrence Splig ("Splig") is the President and Secretary of HBLC, Inc., has an equity interest in the company and lists his address with the Illinois Secretary of State as being that of Jennifer L. McAllister ("McAlister"), 421 N. Northwest Hwy., Suite 201, Barrington, Illinois 60010. According to the Illinois Attorney Registration and Disciplinary Commission's website Jennifer L. McAllister is an attorney at Jennifer L. McAllister, P.C. Splig and McAllister are husband and wife.

**ANSWER:** Defendants admit that HBLC, Inc. is an Illinois corporation; however, Defendants deny the remaining allegations as set forth in Paragraph 8 of the Complaint.

9.  HBLC, Inc. business activities include the acquisition of assets. These assets that are acquired by HBLC, Inc. are consumer debt(s) that are in default at the time of HBLC Inc.'s acquisition.

**ANSWER:** Defendants admit that HBLC, Inc. is engaged in the business of purchasing debts owed by consumers and other commercial entities to creditors.

10. HBLC, Inc. is a debtor collector as defined in 15 U.S.C. § 1692a(6) in regard to its conduct complained of herein.

**ANSWER:** This paragraph alleges a legal conclusion to which no answer is required; however, to the extent that any of the allegations may be construed as asserting facts, Defendants admit that Defendant Fink & Associates engage in efforts to collect on debt owned by HBLC, Inc.

11. Defendant Steven J. Fink & Associates, P.C. is an Illinois Corporation. Its office and registered agent is Steven J. Fink, 25 E. Washington, Suite 1233, Chicago, Illinois 60602.

**ANSWER:** Admit.

12. Defendant Steven J. Fink & Associates, P.C.'s practice involves the regular collection of debts owed to others.

**ANSWER:** Defendants admit that Steven J. Fink's practice includes the collection of debts purchased by HBLC, Inc. However, to the extent Paragraph 12 implies or infers Steven J. Fink's practice is limited to the collection of retail debt or collections exclusively, Defendants deny those allegations.

13. Defendant Steven J. Fink & Associates, P.C. is a debt collector as defined in 15 U.S.C. § 1692a(6) in regard to its conduct complained of herein.

**ANSWER:** At this time, these defendants do not have sufficient knowledge or information to admit or deny whether Steven J. Fink & Associates, P.C. is a debt collector as defined in 15 U.S.C. § 1692a(6).

14. Defendant Steven J. Fink is an individual attorney whose practice involves the regular collection of debts owed to others.

**ANSWER:** Defendants admit that Steven J. Fink's practice includes the collection of debts purchased by HBLC, Inc. However, to the extent Paragraph 14 implies or infers Steven J.

Fink's practice is limited to the collection of retail debt or collections exclusively, Defendants deny those allegations.

15. Defendant Steven J. Fink is a debt collector as defined in 15 U.S.C. § 1692a(6) in regard to its conduct complained of herein.

**ANSWER:** At this time, these defendants do not have sufficient knowledge or information to admit or deny whether Steven J. Fink is a debt collector as defined in 15 U.S.C. § 1692a(6).

16. Under Illinois law, Steven J. Fink is personally responsible for the acts and omissions of his professional corporation that he directs or in which he participates. Additionally, on information and belief all of the state court complaints containing the acts complained of herein contain the signature of Steven J. Fink.

**ANSWER:** These defendants do not have sufficient information to admit or deny the allegations contained in paragraph 16. Further answering, the phrase "personally responsible" is vague and ambiguous. These defendants admit that certain state court complaints complained herein contain the signature of Fink.

### FACTS RELATED TO CLASS MATTERS

17. HBLC, Inc. prior to filing suit against a consumer obtains none or virtually no documentation sustaining that the purported debtor actually owes money to anyone. If HBLC, Inc. wanted such documentation it would have to pay more money to obtain such documentation, if any documentation supporting the purported debt exist [sic] at all.

**ANSWER:** Defendants deny the allegations as set forth in Paragraph 17.

18. To make up for this self-created deficiency HBLC, Inc. used a document in the form of <u>Exhibit 1</u> and now in the form of <u>Exhibit 2</u> in support of HBLC, Inc.'s claims against consumers when HBLC, Inc. sues as "HBLC, Inc., final transfer of Discover".

**ANSWER:** Defendants deny the allegations as set forth in Paragraph 18.

19. Documents in the form of <u>Exhibit 1</u> were and <u>Exhibit 2</u> are now used to make it appear to the state court judge that HBLC, Inc. has attached the consumer's purported actual "Cardmember Agreement", a purported written contract, to the state court complaint.

**ANSWER:** Defendants deny the allegations as set forth in Paragraph 19.

20. Fink Filed suit in HBLC Inc.'s name against Plaintiff, <u>HBLC, Inc., final transfer of Discovery v. Carlos Prieto</u>, 08 M1 116396, Circuit Court of Cook County, Illinois, Municipal Division, First District. Attached hereto as <u>Exhibit 3</u> is a copy of the state court complaint filed against Plaintiff.

**ANSWER:** Admit.

21. The state court complaint alleged, "That Defendant(s) opened a DISCOVER credit card . . . . A true and correct copy of the Cardmember Agreement is attached hereto as Exhibit '2'".

**ANSWER:** Admit.

22. Defendants' statement that, "A true and correct copy of the Cardmember Agreement is attached hereto as Exhibit '2'" is false.

**ANSWER:** Defendants deny the allegations set forth in Paragraph 22.

23. On information and belief, Defendants' state court complaint is a form complaint and each and every suit that Defendants file on a purported Discovery "Cardmember

7

Agreement" contain the same language, "A true and correct copy of the Cardmember Agreement is attached hereto as Exhibit '2'."

**ANSWER:** Defendants deny each and every allegation as pled in Paragraph 23.

24. On information and belief, Defendants' state court complaints contain copies of the exact same purported, "Cardmember Agreement" where HBLC, Inc., files suit as the "final transfer of Discover".

**ANSWER:** Defendants deny the allegations as pled in Paragraph 24.

25. A spot check of cases filed in Cook County, Illinois by Defendants where HBLC, Inc., files suit as the "final transfer if Discover" shows the following cases contained the same form complaint containing the language, "A true and correct copy of the Cardmember Agreement is attached hereto as Exhibit '2'" and a copy of the same "Cardmember Agreement":

    a. <u>HBLC, Inc., final transfer of Discover v. Tamela Jasper</u>, 08 M1 120347 (filed February 2008) attached hereto as <u>Exhibit 4</u>;

    b. <u>HBLC, Inc., final transfer of Discover v. Taiphachan Keobowavanh</u>, 08 M1 120345 (filed February 2008) attached hereto as <u>Exhibit 5</u>;

    c. <u>HBLC, Inc., final transfer of Discover v. Antoinette Peterson</u>, 08 M1 116395 (filed February 2008) attached hereto as <u>Exhibit 6</u>;

    d. <u>HBLC, Inc., final transfer of Discover v. Keri Conrad</u>, 07 M1 160045 (filed June 2007) attached hereto as <u>Exhibit 7</u>;

    e. <u>HBLC, Inc., final transfer of Discover v. Tina Celeste</u>, 07 M1 160046 (filed June 2007) attached hereto as <u>Exhibit 8</u>.

**ANSWER:** Defendants do not have sufficient knowledge to form a belief as to the "spot check", but admit that Exhibits 4 – 8 are complaints. These defendants are without

sufficient knowledge to answer the remaining allegations of paragaph 25 (a) through (e) inclusive.

## FACTS RELATED TO PLAINTIFF ONLY

26. The debt sought to be collected in <u>Exhibit 3</u> was incurred primarily for personal, family or household purposes and therefore is a "debt" within the definition set forth in 15 U.S.C. § 1692a(5).

**ANSWER:** At this time, these defendants are without knowledge or information sufficient to admit or the truth of falsity of the information contained in paragraph 26.

27. The debt sought to be collected in <u>Exhibit 3</u> has been in default for more than 5 (five) years.

**ANSWER:** Defendants deny the allegations set forth in Paragraph 27.

## COUNT I- FDCPA §1692E VIOLATIONS
## CLASS ALLEGATION

28. Plaintiff incorporates paragraphs 1-25e above.

**ANSWER:** Defendants repeat the answers to Paragraphs 1 –25e as and for Paragraphs 1 through 25e of their Answer to this Count I of the Complaint as though fully set-forth herein and adopted by reference thereto.

29. 15 U.S.C. §1692e, in pertinent part, provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> * * *

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

**ANSWER:** Paragraph 29 appears to set forth the provisions of §1692(e) of 15 U.S.C. 1692, et seq. To the extent it accurately quotes that section of the Act, Defendants admit to the language as set forth.

30. Under Illinois law, 735 ILCS 5/13-206 for there to be a "written contract" the writing must: (1) identifies the parties, (2) states the date of the agreement, (3) contains the signatures of the parties, (4) and sets forth all terms of the parties' agreement. *Brown v. Goodman*, 147 Ill.App.3d 935, 940, 498 N.E.2d 845 (1st Dist. 1986); *Clark v. Western Union Telegraph Co.*, 141 Ill.App.3d 174, 176, 490 N.E.2d (1st Dist. 1986); *Weaver v. Watson*, 130 Ill.App.3d 563, 567, 474 N.E.2d 759, 762 (5th Dist. 1984); *Munsterman v. Illinois Agricultural Auditing Association*, 106 Ill.App.3d 237, 238-39, 435 N.E.2d 923, 925 (3rd Dist. 1982); *O.K. Electric Co. v. Fernandes*, 111 Ill.App.3d 466, 444 N.E.2d 264, 267, 67 Ill.Dec. 225 (Ill.App.Ct. 1982); *Plocar v. Dunkin' Donuts of America, Inc.*, 103 Ill.App.3d 740, 748, 431 N.E.2d 1175, 59 Ill.Dec. 418 (1st Dist. 1981); *Baird & Warner, Inc. v. Addison Industrial Park, Inc.*, 70 Ill.App.3d 39, 73, 387 N.E. 831, 838 (1st Dist. 1979).

**ANSWER:** The allegations set forth in Paragraph 30 of the Complaint are not factual, but instead appear to be an attempt by Plaintiff to set forth case law in the State of Illinois which would not require an answer thereto. However, to the extent that the allegations set forth in Paragraph 30 imply, infer, or may be construed as accurately setting forth case law that might apply to Plaintiff's attempt to set forth a cause of action in the Complaint under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq., Defendants deny that the cases cited in the

Complaint by Plaintiff accurately reflect the rule of law set forth in those cases and further deny that the cases cited in Paragraph 30 have any relevance or bearing on Plaintiff's efforts to plead a cause of action under the Fair Debt Collection Practices Act.

31.     On information and belief, the majority of judgments HBLC, Inc. obtains against consumers are default judgments.

**ANSWER:**     The allegations set forth in Paragraph 31 of the Complaint appear to assert certain percentages as to the nature of HBLC, Inc's business which do not require an answer

32.     It is suggested that over 90% of collection suits filed against consumers where service of process is made on the consumer result in a default judgment being entered against the consumer. *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 327 (6th Cir. 2006); *See also Chavez v. Bowman, Heintz, Boscia & Vician*, 07 C 640, Dkt. 42-2, Affidavit of Gerald E. Bowman, pp. 7-8 ¶ 14 (N.D.Ill. Oct. 3, 2007) (law firm obtains a majority of judgements [sic] for creditors by default judgment on debt collection cases it filed in Cook County, Illinois).

**ANSWER:**     To the extent any of the allegations or case law set forth in Paragraph 32 of the Complaint may be construed as somehow factual support for Plaintiff's attempt to assert a cause of action under the Fair Debt Collection Practices Act, Defendants deny each and every such allegation.

33.     The purpose and effect of Exhibit 1 and Exhibit 2 is to falsely represent that HBLC, Inc. has attached the actual "written contract" of the consumer it has sued in order to obtain a default judgment against a consumer who fails to object to the state court complaint.

**ANSWER:**     Defendants deny the allegations as set forth in Paragraph 33.

34. The use of copies of Exhibit 1 and Exhibit 2 coupled with Defendants' false statement, "A true and correct copy of the Cardmember Agreement is attached hereto as Exhibit '2'" amounts to a fraud being perpetuated upon the state court.

**ANSWER:** Defendants deny the allegations set forth in Paragraph 34 of the Complaint. Further answering, Defendants deny that the any attachment of a Cardmember Agreement amounts to a fraud being perpetuated upon the state court.

35. Defendants violated 15 U.S.C. §§ 1692d(10).

**ANSWER:** Defendants deny the allegations set forth in Paragraph 35 of the Complaint.

## COUNT II – FDCPA § 1692f
## CLASS ALLEGATION

36. Plaintiff incorporates paragraphs 1-25e above.

**ANSWER:** Defendants repeat the answers to Paragraphs 1 –25e as and for Paragraphs 1 through 25e of their Answer to this Count II of the Complaint as though fully set-forth herein and adopted by reference thereto.

37. 15 U.S.C. §1692f in pertinent part, states, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

**ANSWER:** Paragraph 37 appears to set forth the provisions of §1692(f) of 15 U.S.C. 1692, et seq. To the extent it accurately quotes that section of the Act, Defendants admit to the language as set forth.

38. Defendants violated 15 U.S.C. § 1692f.

**ANSWER:** Defendants deny the allegations set forth in Paragraph 38 of the Complaint.

## CLASS ALLEGATION

39. Plaintiff brings this action on behalf of a class consisting of (a) all natural persons with an Illinois address (b) where Fink on behalf of HBLC, Inc. filed a lawsuit against the person (c) where an exhibit in either the form of <u>Exhibit 1</u> or <u>Exhibit 2</u> was attached to the state court complaint (d) where the state court complaint stated that the exhibit in either the form of <u>Exhibit 1</u> or <u>Exhibit 2</u> was, "A true and correct copy of the Cardmember Agreement" (e) during a period beginning 1 year from the date of the filing of this lawsuit and ending 20 days after its filing.

**ANSWER:** Defendants deny the allegations set forth in Paragraph 39 of the Complaint.

40. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominate question is whether the use of document <u>Exhibit 1</u> or <u>Exhibit 2</u> coupled with the statement in the state court complaint, "A true and correct copy of the Cardmember Agreement is attached hereto as Exhibit '2'" violates the FDCPA.

**ANSWER:** Defendants deny the allegations set forth in Paragraph 40 of the Complaint.

41. Plaintiff's claims are typical of the claims of the class members in regard to the form document attached as <u>Exhibit 1</u> and <u>Exhibit 2</u>. All are based on the same factual and legal theories.

**ANSWER:** Defendants deny the allegations set forth in Paragraph 41 of the Complaint.

42. The class is no numerous that joint of all members is impractical. On information and belief there are over 35 persons in Cook County, Illinois alone who fit the putative class definition above.

**ANSWER:** Defendants deny the allegations set forth in Paragraph 42 of the Complaint.

43. Plaintiff will fairly and adequately represent the members of the class.

**ANSWER:** Defendants deny the allegations set forth in Paragraph 43 of the Complaint.

44. Plaintiff has retained experienced counsel in FDCPA matters and class action litigation.

**ANSWER:** To the extent that the allegation of Count 44 requires an answer, Defendants deny the same.

45. A class action is superior for the fair and efficient adjudication of this matter in that:

    a. Defendants course of conduct arises out of a single transaction, involving a form document affecting a large group of indivduals;

    b. Individual actions are not economical;

    c. Congress contemplated class actions as a means of enforcing the FDCPA; and

    d. The Class members are unaware of the fraud that has perpetrated upon them.

**ANSWER:** Defendants deny the allegations set forth in Paragraph 45 of the Complaint.

## COUNT III – FDCPA § 1692e VIOLATIONS
## PLAINTIFF'S ADDITIONAL INDIVIDUAL ALLEGATIONS

46.     Plaintiff incorporates paragraphs 1-27 above.

**ANSWER:** Defendants repeat the answers to Paragraphs 1 – 27 as and for Paragraphs 1 through 27 of their Answer to this Count III of the Complaint as though fully set-forth herein and adopted by reference thereto.

47.     The statute of limitations applicable to an action on a contract that is not wholly in writing under Illinois law is five years. 735 ILCS 5/13-205. *Parkis v. Arrow Financial Services, LLC*, 07 C 410, 2008 U.S.Dist. LEXIS 1212 (N.D.Ill., Jan. 8, 2008); *Nicolai v. Mason*, 118 Ill.App.3d 300; 454 N.E.2d 1049 (5th Dist. 1983).

**ANSWER:** The allegations set forth in Paragraph 47 of the Complaint are not factual, but instead appear to be an attempt by Plaintiff to set forth case law in the State of Illinois which would not require an answer thereto. However, to the extent that the allegations set forth in Paragraph 47 imply, infer, or may be construed as accurately setting forth case law that might apply to Plaintiff's attempt to set forth a cause of action in the Complaint under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq., Defendants deny that the cases cited in the Complaint by Plaintiff accurately reflect the rule of law set forth in those cases and further deny that the cases cited in Paragraph 47 have any relevance or bearing on Plaintiff's efforts to plead a cause of action under the Fair Debt Collection Practices Act.

48.     Furthermore, a contract is not wholly in writing if it is subject to change from time to time by means of one party sending terms to the other and the other continuing to do business or failing to object. *Toth v. Mansell*, 207 Ill.App.3d 665, 669, 566 N.E.2d 730, 733 (1st Dist. 1990); *Classified Ventures, Inc. v. Wrenchead, Inc.*, 06 C 2373, 2006 U.S.Dist. LEXIS 77359 (N.D.Ill., October 11, 2006). This is because parol evidence is necessary to show what terms were sent from time to time and that the putative debtor accepted them by continuing to do business.

**ANSWER:**     To the extent any of the allegations or case law set forth in Paragraph 48 of the Complaint may be construed as somehow factual support for Plaintiff's attempt to assert a cause of action under the Fair Debt Collection Practices Act, Defendants deny each and every such allegation.

49.     Defendants conduct of filing the state court complaint against Plaintiff on a time-barred debt violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5) and 1692e(10).

**ANSWER:**     Defendants deny the allegations set forth in Paragraph 49 of the Complaint.

*WHEREFORE*, the Defendants, STEVEN J. FINK and STEVEN J. FINK & ASSOCIATES, P.C., respectfully request that this Court enter judgment in favor of Defendants and against the Plaintiff, and that this Court further order that Plaintiff reimburse Defendants their costs associated with this litigation.



Respectfully submitted,

_____
Attorney for Fink Defendants

Daniel F. Konicek (6205408)
James P. Lynch (6294439)
KONICEK & DILLON, P.C.
21 W. State St.
Geneva, IL  60134
(630) 262-9655
DFK/cfg (Answer)