IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARLOS PRIETO, Individually and on behalf of a class defined herein, ) ) | | |
| Plaintiff, ) | | |
| vs. ) | No. | 08 CV 2718 |
| ) | | Judge Guzman |
| HBLC, INC.; STEVEN J. FINK; and ) STEVEN J. FINK & ASSOCIATES, P.C., ) | | Magistrate Judge Schenkier |
| Defendants. ) | | JURY TRIAL DEMANDED |

## AFFIRMATIVE DEFENSES

NOW COME the Defendants, STEVEN J. FINK and STEVEN J. FINK & ASSOCIATES, P.C. ("Fink") by and through counsel, KONICEK & DILLON, P.C., and as and for their Affirmative Defenses to the Complaint and in accordance with Rule 12 of the Federal Rules of Civil Procedure state:

### FIRST AFFIRMATIVE DEFENSE

The FDCPA does not regulate the content of complaints, affidavits, or other papers filed in State Court actions. The issue of whether HBLC, Inc. and Steven J. Fink should be permitted to recover a delinquent debt by Carlos Prieto and the use of an attached Cardmember Agreement is a question for the Circuit Court governed by State laws. However, Prieto failed to raise this issue in the State Court action and thus Prieto has waived this issue by failing to raise it.

### SECOND AFFIRMATIVE DEFENSE

Steven J. Fink and Steven J. Fink & Associates, as legal counsel for HBLC, Inc., an assignee of Discover, stands in the shoes and obtains all the rights Discover obtained

when Prieto opened his Discover credit card account when Discover transferred the account to HBLC, Inc. HBLC, Inc. thus has standing to sue Prieto for the unpaid balance. See, *PRA, III LLC v. Cheryl Hund*, 364 Ill. App. 3d 378, 846 N.E.2d 965 (3rd Dist. 2006); *Olvera v. Blitt & Gaines*, 431 F.2d 285 (7th Cir. 2005); *Vickey v. Asset Acceptance, LLC*, 2004 WL 1510026, *2 (N.D.Ill. 2004).

### THIRD AFFIRMATIVE DEFENSE

Defendants' litigation in Cook County, Illinois against Prieto, as litigated by Steven J. Fink, is not time-barred because the ten year statute of limitations applies to credit card debt for lines of credit obtained by a bank or lending institution and partial payment of the debt tolls the 10 year statute of limitations. *Harris Trust and Savings Bank v. McCray*, 21 Ill. App.3d 605 (1st Dist. 1974); *Davis v. World Credit Fund I, LLC*, 543 F. Supp.2d 953, 957 (N.D.Ill. 2008); *St. Francis Medical Ctr. v. Vernon*, 217 Ill. App.3d 287, 289 (1991).

### FOURTH AFFIRMATIVE DEFENSE

Steven J. Fink and Steven J. Fink & Associates did not violate the FDCPA by failing to attach Prieto's credit card agreement to the Collection Complaint because Prieto's use of the credit card created the contract between Ramirez and the original creditor, not Prieto's completion of the credit cardholder agreement with the original creditor. *Garber v. Harris Trust & Savings Bank*, 104 Ill. App.3d 675 (1st Dist. 1982).

### FIFTH AFFIRMATIVE DEFENSE

Steven J. Fink and Steven J. Fink & Associates further states that they are entitled to assert the litigation privilege as a bar to Prieto's FDCPA claims. Prieto challenges

statements made in the collection litigation, and specifically the collection complaint and its attachments. Prieto claims those documents contain false, deceptive and misleading statements because Defendants represented that it had the written contract and filed a suit that was time barred using form Discover card member agreements. However, the collection complaint and attachments were filed and prepared in the underlying litigation and thus the statements are protected by the litigation privilege. As such Fink can assert the litigation privilege to Prieto's FDCPA claims to the extent they are based on the collection complaint and attachments thereto. *MacGregor v. Rutberg*, no. 06-2829, slip op., p. 2-3 (7th Cir. February 27, 2007); *Sengchanthalangsy v. Accelerated Recovery Specialists, Inc., et al.*, slip op., case no. 06CV1124 JAH (BLM), *6-7 (S.D.Cal. February 14, 2007); *see also, Malevits v. Friedman*, 753 N.E.2d 404, 406-7 (Ill. App. 1st Dist. 2001); *NSB Tech. Inc. v. Spec. Direct Marketing, Inc.*, 2004 WL 1918708, *3 (N.D.Ill. 2004).

**WHEREFORE**, Defendants respectfully request that this Court enter judgment in favor of Defendants and against the Plaintiff in this matter and that this Court further order whatever other relief it deems just and reasonable under the circumstances including, but not limited to, the reasonable attorney's fees and costs incurred by Defendants in their defense of this unfounded lawsuit.

Respectfully submitted,



_____
Attorneys for Defendants

Daniel F. Konicek
James P. Lynch
KONICEK & DILLON, P.C.
21 W. State St.
Geneva, IL 60134
(630) 262-9655
MPH/cfg (Affirmative Defenses)