**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CARLOS PRIETO, NATALIE CHILDS and JAMES GLASS, individually and on behalf of a class defined herein, | ) ) ) | |
| | ) | Case No.:  08 CV 2718 |
| Plaintiff, | ) | Judge Ronald Guzman |
| v. | ) | |
| | ) | Magistrate Judge Schenkier |
| HBLC, INC., STEVEN J. FINK and STEVEN J. FINK & ASSOCIATES, P.C., | ) ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO AMENDED COMPLAINT

Defendant, HBLC, Inc. ("HBLC"), by and through its attorneys, David M. Schultz and

Corinne C. Heggie, and for its Answer to Plaintiffs' Amended Complaint states as follows:

## INTRODUCTION

1.　　Plaintiffs Carlos Prieto ("Prieto"), Natalie Childs ("Childs") and James Glass

("Glass") collectively ("Plaintiffs"), bring this class action to secure redress against an unlawful

credit and collection practice engaged in by Defendant HBLC, Inc. and Defendants Steven J.

Fink and Steven J. Fink & Associates, P.C. ("Fink") collectively ("Defendants") that violates the

Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, ("FDCPA") and state law.

**ANSWER:    HBLC admits Plaintiffs' Amended Complaint alleges claims on behalf
of putative class against it under the FDCPA.  HBLC denies that a class exists, denies that it
committed any violation of the FDCPA, denies that it violated state law and therefore
denies Plaintiffs are entitled to any damages whatsoever against it under the FDCPA.
Defendant denies each and every remaining allegation contained in paragraph 1.**

2.　　The FDCPA was enacted, "to eliminate abusive debt collection practices by debt

collectors, to insure that those debt collectors who refrain from using abusive debt collection

practices are not competitively disadvantaged, and to promote consistent state action to protect

consumers against debt collection abuses."  15 U.S.C. § l692(e).

**ANSWER:    Defendant admits the FDCPA was enacted to eliminate abusive debt collection practices.  Defendant denies it violated the FDCPA and denies it engaged in any abusive debt collection practices against Plaintiffs. Therefore, Defendant the allegations contained in paragraph 2.**

## JURISDICTION AND VENUE

3.    This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 15 U.S.C. § 1692k (FDCPA).

**ANSWER:    Defendant does not contest jurisdiction.**

4.    This Court also has supplemental jurisdiction over Plaintiffs' state law claim for malicious prosecution under 28 U.S.C. § 1367 as the conduct complained of arises out of a common nucleus of operative facts, *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966), and having only one jury decide the same factual issues, "'best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine.'" *See City of Chicago v. International College of Surgeons,* 522 U.S. 156, 172-73 (1997) (*quoting Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343,357 (1988)).

**ANSWER:    HBLC admits Plaintiffs' Amended Complaint raises claims under state law.  Defendant denies the cases Plaintiffs cite in paragraph 4 are on point, denies that it violated any state law and therefore denies the allegations in paragraph 4.**

5.    Venue and personal jurisdiction over Defendants in this District is proper because:

a.    Plaintiffs are residents of Cook County, Illinois which is within in the District;

b.    HBLC, Inc. transacts business in the District through litigation against consumers who are located within the District;

c.    Fink maintains an office and transacts business in the District; and

d.    Defendants' collection activities occurred within the District.

**ANSWER:    HBLC does not contest venue or jurisdiction.**

## PARTIES

6.     Plaintiffs are individuals who reside in Cook County, Illinois.

**ANSWER:   At the time this Answer is made, HBLC is without knowledge or information sufficient to admit or deny the truth or falsity of the allegations contained in paragraph 6.**

7.     HBLC, Inc. is an Illinois Corporation. Its registered agent and offices are Jennifer L. McAllister, 421 N. Northwest Hwy., Suite 201, Barrington, Illinois 60010.  Lawrence Splig ("Splig") is the President and Secretary of HBLC, Inc., has an equity interest in the company and lists his address with the Illinois Secretary of State as being that of Jennifer L. McAllister ("McAllister"), 421 N. Northwest Hwy., Suite 201, Barrington, Illinois 60010. According to the Illinois Attorney Registration & Disciplinary Commission's website Jennifer L. McAllister is an attorney at Jennifer L. McAllister, P.C. Splig and McAllister are husband and wife.

**ANSWER:   HBLC admits that it is an Illinois corporation.  HBLC admits that its registered agent is Jennifer L. McAllister, 421 N. Northwest Hwy., Suite 201, Barrington, Illinois 60010.  Lawrence Splig is the President of HBLC.  HBLC admits that Ms. McAllister is an attorney licensed in the State of Illinois.  HBLC admits that Mr. Splig and Ms. McAllister are husband and wife.  HBLC states the term "equity interest" is vague and therefore HBLC denies each and every remaining allegation contained in paragraph 7.**

8.     HBLC, Inc.'s business activities include the acquisition of assets which are consumer debt that are in default at the time of HBLC Inc.'s acquisition.

**ANSWER:   HBLC admits that it buys consumer debts, some of which are in default at the time of purchase.  HBLC denies each and every remaining allegation contained in paragraph 8.**

9.     HBLC, Inc. is a debt collector as defined in 15 U.S.C. § 1692a(6) in regard to its conduct complained of herein.

**ANSWER:   HBLC admits the allegations contained in paragraph 9.**

3

6345041v1 7791

10.     Defendant Steven J. Fink & Associates, P.C. is an Illinois Corporation. Its office and registered agent is Steven J. Fink, 25 E. Washington, Suite 1233, Chicago, Illinois 60602.

**ANSWER:     The allegations contained in paragraph 10 are not directed to HBLC, and therefore no response is made. If an answer is deemed necessary, HBLC admits that Steven J. Fink & Associates has offices located at 25 E. Washington, Suite 1233, Chicago, Illinois 60602. HBLC is without knowledge or information sufficient to admit or deny the truth or falsity of the remaining allegations contained paragraph 10.**

11.     Defendant Steven J. Fink & Associates, P.C.'s practice involves the regular collection of debts owed to others.

**ANSWER:     The allegations contained in paragraph 11 are not directed to HBLC and therefore no response is made. If an answer is deemed necessary, HBLC is without knowledge or information sufficient to admit or deny the truth or falsity of the allegations contained in paragraph 11.**

12.     Defendant Steven J. Fink & Associates, P.C. is a debt collector as defined in 15 U.S.C. § 1692a(6) in regard to its conduct complained of herein.

**ANSWER:     The allegations contained in paragraph 12 are not directed to HBLC and therefore no response is made. If an answer is deemed necessary, HBLC is without knowledge or information sufficient to admit or deny the truth or falsity of the allegations contained in paragraph 12.**

13.     Defendant Steven J. Fink is an individual attorney whose practice involves the regular collection of debts owed to others.

**ANSWER:     The allegations contained in paragraph 13 are not directed to HBLC and therefore no response is made. If an answer is deemed necessary, HBLC is without knowledge or information sufficient to admit or deny the truth or falsity of the allegations contained in paragraph 13.**

14.     Defendant Steven J. Fink is a debt collector as defined in 15 U.S.C. § 1692a(6) in regard to its conduct complained of herein.

**ANSWER:     The allegations contained in paragraph 14 are not directed to HBLC and therefore no response is made. If an answer is deemed necessary, HBLC is without knowledge or information sufficient to admit or deny the truth or falsity of the allegations contained in paragraph 14.**

6345041v1 7791

15.    Under Illinois law, Steven J. Fink is personally responsible for the acts and omissions of his professional corporation that he directs or in which he participates.

**ANSWER:    The allegations contained in paragraph 15 are not directed to HBLC and therefore no response is made.  If an answer is deemed necessary, HBLC is without knowledge or information sufficient to admit or deny the truth or falsity of the allegations contained in paragraph 15.**

## FACTS RELATED TO CLASS MATTERS

16.    When HBLC, Inc. sues as "HBLC, Inc., final transfer of Discover", HBLC, Inc. during a period beginning May 9, 2007 and ending May 29, 2008, it does not obtain any credit card agreement that was signed by the consumer prior to the suit being filed against a consumer.

**ANSWER:    Defendant denies the allegations contained in paragraph 16.**

17.    During a period beginning May 9, 2007 and ending May 29, 2008, a copy of a copy of Exhibit 1 or Exhibit 2, attached hereto, is attached to each state court complaint where HBLC, Inc. sues as "HBLC, Inc., final transfer of Discover".

**ANSWER:    Defendant denies the allegations contained in paragraph 17.**

18.    On information and belief, during a period beginning May 9, 2007 and ending May 29, 2008, if a consumer or consumer's attorney appeared in state court to defend the lawsuit where HBLC, Inc. filed suit as "HBLC, Inc., final transfer of Discover", HBLC, Inc. authorized Fink to use at least one subpoena in an attempt to obtain documents that relate to the debt HBLC, Inc. filed suit upon.

**ANSWER:    Defendant denies the allegations contained in paragraph 18.**

19.    In each and every complaint when HBLC, Inc. sues as "HBLC, Inc., final transfer of Discover" during a period beginning May 9, 2007 and ending May 29, 2008 in Cook County,

6345041v1  7791

Illinois, is attached a copy of the same "Cardmember Agreement", Exhibit 1 or Exhibit 2 as an exhibit to the state court complaint.

**ANSWER:**    **Defendant denies the allegations contained in paragraph 19.**

20.    Exhibit 1, or Exhibit 2 respectively, is alleged to be, "A true copy of the Cardmember Agreement" in each and every state court complaint when HBLC, Inc. sues as "HBLC, Inc., final transfer of Discover" during a period beginning May 9, 2007 and ending May 29, 2008 in Cook County, Illinois.

**ANSWER:**    **Defendant denies the allegations contained in paragraph 20.**

21.    The document Exhibit 1 is a copy of a document that on its face was revised on "2/90" (nineteen-hundred ninety).

**ANSWER:**    **Defendant is without knowledge or information sufficient to admit or deny the truth or falsity of the allegations contained in paragraph 21.**

22.    The document Exhibit 1 is a copy of a document that on its face has a nineteen-hundred ninety-six fax header "JAN 17 '96 09:18AM NOVUS SERVICE".

**ANSWER:**    **Defendant is without knowledge or information sufficient to admit or deny the truth or falsity of the allegations contained in paragraph 22.**

23.    On or about the end of February 2008, the fax header "JAN 17 '96 09: 18AM NOVUS SERVICE" was cut off and the two-page "Cardmember Agreement" was reduced into a one-page exhibit and has been used when HBLC, Inc. sues as the purported, "final transfer of Discover".  A copy of the one-page "Cardmember Agreement" that has been attached to some of HBLC's state court complaints is attached hereto as Exhibit 2.

**ANSWER:**    **Defendant is without knowledge or information sufficient to admit or deny the truth or falsity of the allegations contained in paragraph 23.**

6345041v1  7791

24.    Fink filed suit in HBLC Inc.'s name against Prieto, *HBLC. Inc., final transfer of Discover v. Carlos Prieto*, 08 M1 116396, Circuit Court of Cook County, Illinois, Municipal Division, First District.  Attached hereto as Exhibit 3 is a copy of the state court complaint filed against Prieto.

**ANSWER:**    **Defendant admits the allegations contained in paragraph 24.**

25.    The exhibit attached to the state court complaint in *HBLC, Inc., final transfer of Discover v. Carlos Prieto*, 08 Ml 116396, Circuit Court of Cook County, Illinois, Municipal Division, First District is not Prieto's credit card agreement.

**ANSWER:**    **Defendant admits the allegations contained in paragraph 25.**

26.    Fink filed suit in HBLC Inc.'s name against Childs, *HBLC. Inc., final transfer of Discover v. Natalie Childs*, 08 Ml 116393, Circuit Court of Cook County, Illinois, Municipal Division, First District.  Attached hereto as Exhibit 4 is a copy of the state court complaint with the affidavit and exhibit filed against Childs.

**ANSWER:**    **Defendant admits the allegations contained in paragraph 26.**

27.    The exhibit attached to the state court complaint in *HBLC. Inc., final transfer of Discover v. Natalie Childs*, 08 Ml 116393, Circuit Court of Cook County, Illinois, Municipal Division, First District is not Child's credit card agreement.

**ANSWER:**    **Defendant admits the allegations contained in paragraph 27.**

28.    Fink filed suit in HBLC Inc.'s name against Glass, *HBLC. Inc., final transfer of Discover v. James Glass*, 07 Ml 160024, Circuit Court of Cook County, Illinois, Municipal Division, First District.  Attached hereto as Exhibit 5 is a copy of the state court complaint with the affidavit and exhibit filed against Glass.

**ANSWER:**    **Defendant admits the allegations contained in paragraph 28.**

6345041v1 7791

29.     The exhibit attached to the state court complaint in *HBLC Inc., final transfer of Discover v. James Glass*, 07 M1 160024, Circuit Court of Cook County, Illinois, Municipal Division, First District is not Glass' credit card agreement.

**ANSWER:**     **Defendant admits the allegations contained in paragraph 29.**

30.     Each of HBLC, Inc.'s state court complaint against Plaintiffs alleged, "That Defendant(s) opened a DISCOVER credit card . . . .A true and correct copy of the Cardmember Agreement is attached hereto . . . ."

**ANSWER:     HBLC admits only that the state court complaints against Glass, Childs and Prieto allege "That Defendant(s) opened a DISCOVER credit card….A true and correct copy of the Cardmember Agreement is attached hereto…." Defendant denies each and every remaining allegation contained in paragraph 30.**

31.     On information and belief, when HBLC, Inc., filed suit as the "final transfer of Discover" the state court complaints during a period beginning May 9, 2007 and ending May 29, 2008, contain a copy of the same copy of the purported, "Cardmember Agreement", Exhibit 1 or Exhibit 2.

**ANSWER:**     **Defendant denies the allegations contained in paragraph 31.**

32.     On information and belief, when HBLC, Inc., filed suit as the "final transfer of Discover" the state court complaints during a period beginning May 9, 2007 and ending May 29, 2008, each state court complaint contains the allegation, "That Defendant(s) opened a DISCOVER credit card . . . .A true and correct copy of the Cardmember Agreement is attached hereto . . . ."

**ANSWER:**     **Defendant denies the allegations contained in paragraph 32.**

6345041v1  7791

33.    From a time period during a period beginning May 9, 2007 and ending May 29, 2008, Fink on behalf of HBLC, Inc., as the "final transfer of Discover" filed the following cases in Circuit Court of Cook County, Illinois, Municipal Division, First District:

a.    2007 M1 159999

b.    2007 Ml 160000

c.    2007 M1 160024

d.    2007 M1 160033

e.    2007 M1 160034

f.    2007 M1 160035

g.    2007 M1 160036

h.    2007 M1 160037

i.    2007 M1 160038

j.    2007 M1 160039

k.    2007 M 1 160040

l.    2007 M1 160041

m.    2007 M1 160042

n.    2007 M1 160043

o.    2007 M1 160044

p.    2007 M1 160045

q.    2007 M1 160046

r.    2007 M1 160047

s.    2007 M1 160048

t.    2008 M1 116390

u.    2008 M1 116391

v.    2008 M1 116392

w.    2008 M1 116393

x.    2008 M1 116394

y.    2008 M1 116395

z.    2008 M1 116396

aa.    2008 M1 116397

bb.    2008 M1 120322

6345041v1  7791

| | |
|---|---|
| cc. | 2008 M1 120325 |
| dd. | 2008 M1 120328 |
| ee. | 2008 M1 120331 |
| ff. | 2008 M1 120333 |
| gg. | 2008 M1 120335 |
| hh. | 2008 M1 120338 |
| ii. | 2008 M1 120340 |
| jj. | 2008 M1 120343 |
| kk. | 2008 M1 120345 |
| ll. | 2008 M1 120347 |
| mm. | 2008 M1 120349 |
| nn. | 2008 M1 120350 |
| oo. | 2008 M1 120352 |
| pp. | 2008 M1 120358 |

**ANSWER:     Defendant is without knowledge or information sufficient to admit or deny the truth or falsity of the allegations contained in paragraph 33.**

34.     On information and belief all of the state court complaints stated in the paragraph above contain the signature of Steven J. Fink.

**ANSWER:     Defendant is without knowledge or information sufficient to admit or deny the truth or falsity of the allegations contained in paragraph 34.**

**FACTS RELATED TO PLAINTIFFS' INDIVIDUAL CLAIMS**

35.     The debt sought to be collected from Prieto was purportedly incurred primarily for personal, family or household purposes and therefore is a "debt" within the definition set forth in 15 U.S.C. § 1692a(5).

**ANSWER:     At the time this Answer is made, HBLC is without knowledge or information sufficient to admit or deny the truth or falsity of the allegations contained in paragraph 35.**

6345041v1  7791

36.     The debt sought to be collected from Childs was purportedly incurred primarily for personal, family or household purposes and therefore is a "debt" within the definition set forth in 15 U.S.C. § 1692a(5).

**ANSWER:    At the time this Answer is made, HBLC is without knowledge or information sufficient to admit or deny the truth or falsity of the allegations contained in paragraph 36.**

37.     The debt sought to be collected from Glass was purportedly incurred primarily for personal, family or household purposes and therefore is a "debt" within the definition set forth in IS U.S.C. § 1692a(5).

**ANSWER:    At the time this Answer is made, HBLC is without knowledge or information sufficient to admit or deny the truth or falsity of the allegations contained in paragraph 37.**

38.     Prieto's charge off date on the credit card Defendants filed suit against him on occurred more than 5 years prior to the date Defendants filed suit against him.

**ANSWER:    HBLC admits the charge off date was more than 5 years and less than 10 years prior to the date suit was filed against Prieto.**

39.     Prieto's last date of payment on the credit card Defendants filed suit against him on occurred more than 5 years prior to the date Defendants filed suit against him .

**ANSWER:    HBLC is without knowledge or information sufficient to admit or deny the truth or falsity of the allegations contained in paragraph 39.**

40.     Childs' charge off date on the credit card Defendants filed suit against her on occurred more than 5 years prior to the date Defendants filed suit against her.

**ANSWER:    HBLC admits the charge off date was more than 5 years and less than 10 years prior to the date suit was filed against Childs.**

41.     Childs' last date of payment on the credit card Defendants filed suit against him on occurred more than 5 years prior to the date Defendants filed suit against her.

6345041v1  7791

**ANSWER:    HBLC is without knowledge or information sufficient to admit or deny the truth or falsity of the allegations contained in paragraph 41.**

42.    Glass' charge off date on the credit card Defendants filed suit against him on occurred more than 10 years prior to the date Defendants filed suit against him.

**ANSWER:    HBLC admits the charge off date was more than 5 years and less than 10 years prior to the date suit was filed against Glass.**

43.    Glass' last date of payment on the credit card Defendants filed suit against him on occurred more than 10 years prior to the date Defendants filed suit against him.

**ANSWER:    HBLC is without knowledge or information sufficient to admit or deny the truth or falsity of the allegations contained in paragraph 43.**

44.    Prieto's attorney provided notice to Defendants that Defendants had sued plaintiff on a debt that had been in default for more than five years by filing suit in federal court.

**ANSWER:    Defendant denies the allegations contained in paragraph 44.**

45.    Subsequent to Fink being served with the complaint in the federal court matter, Fink on behalf of HBLC, Inc. obtained a trial date in the Prieto state court matter.

**ANSWER:    HBLC admits a trial date was obtained in the Prieto state court matter.  Defendant denies each and every remaining allegation contained in paragraph 45.**

46.    Childs, in a pro se motion, provided notice to Defendants that Defendants had sued Childs on a debt that had been in default for more than five years.

**ANSWER:    Defendant denies the allegations contained in paragraph 46.**

47.    Fink on behalf of HBLC, Inc. obtained a trial date in the Childs matter subsequent to being placed on notice that Defendants had sued Childs on a debt that had been in default for more than five years.

**ANSWER:    Defendant admits a trial date in the Childs matter was obtained. Defendant denies each and every remaining allegation contained in paragraph 47.**

6345041v1  7791

48.      On information and belief Fink has issued at least one subpoena in an attempt to obtain documents related to the credit card account Defendants filed suit against Childs on.

**ANSWER:**   **HBLC is without knowledge or information sufficient to admit or deny the truth or falsity of the allegations contained in paragraph 48.**

49.      Glass' attorney provided notice to Defendants that Defendants had sued Glass on a debt that had been in default for more than ten years by filing an answer to HBLC's state court complaint against Glass.

**ANSWER:**   **Defendant denies the allegations contained in paragraph 49.**

50.      On June 27, 2008, in open court in the state court matter against Glass, Steven J. Fink informed the judge that Glass' attorney had the audacity to take him to trial.

**ANSWER:**   **The allegations contained in paragraph 50 are not directed to HBLC and therefore no response is made.  If an answer is deemed necessary, HBLC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 50.**

51.      On June 27, 2008, in open court in the state court matter against Glass, Steven J. Fink informed the judge that he would need several months before he could take the matter to trial as he would need to subpoena documents.

**ANSWER:**   **The allegations contained in paragraph 51 are not directed to HBLC and therefore no response is made.  If an answer is deemed necessary, HBLC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 51.**

52.      On June 27, 2008, in open court in the state court matter against Glass Steven J. Fink on behalf of HBLC, Inc. obtained a trial date.

**ANSWER:**   **The allegations contained in paragraph 52 are not directed to HBLC and therefore no response is made.  If an answer is deemed necessary, HBLC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 52.**

6345041v1  7791

53.     Prieto has expended his own monies in defense of *HBLC, Inc., final transfer of Discover v. Carlos Prieto*, 08 Ml 116396, Circuit Court of Cook County, Illinois, Municipal Division, First District.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 53.**

54.     Childs has expended her own monies in defense of *HBLC, Inc., final transfer of Discover v. Natalie Childs*, 08 MI 116393, Circuit Court of Cook County, Illinois, Municipal Division, First District.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 54.**

55.     Glass has expended his own monies in defense of *HBLC, Inc., final transfer of Discover v. James Glass*, 07 Ml 160024, Circuit Court of Cook County, Illinois, Municipal Division, First District.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 55.**

### COUNT I - FDCPA § 1692E VIOLATIONS
### CLASS ALLEGATION

56.     Plaintiff incorporates paragraphs 1-34 above.

**ANSWER:     HBLC restates and realleges its answers to paragraphs 1 through 34 as and for its answer to paragraph 56 of Count I.**

57.     15 U.S.C § 1692e, in pertinent part, provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

* * *

(10)  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

14

**ANSWER:    HBLC admits that paragraph 57 recites portions of § 1692e.  HBLC denies it violated § 1692e and denies the allegations contained in paragraph 57 of Count I.**

58.    Under Illinois law, 735 ILCS 5/13-206 for there to be a "written contract" the writing must: (1) identifies the parties, (2) states the date of the agreement, (3) contains the signatures of the parties, (4) and sets forth all terms of the parties' agreement. *Brown v. Goodman*, 147 Ill. App. 3d 935, 940, 498 N.E.2d 845 (lst Dist. 1986); *Clark v. Western Union Telegraph Co.*, 141 Ill. App. 3d 174, 176,490 N.E.2d (lst Dist. 1986); *Weaver v. Watson*, 130 Ill. App. 3d 563, 567, 474 N.E.2d 759, 762 (5th Dist. 1984); *Munsterman v. Illinois Agricultural Auditing Association*, 106 Ill. App. 3d 237,238-39,435 N.E.2d 923,925 (3rd Dist. 1982); *O.K. Electric Co. v. Fernandes*, III Ill. App. 3d 466, 444 N.E.2d 264, 267, 67 Ill. Dec. 225 (Ill. App. Ct. 1982); *Plocar v. Dunkin' Donuts of America, Inc.*, 103 Ill. App. 3d 740, 748, 431 N.E.2d 1175, 59 Ill. Dec. 418 (lst. Dist. 1981); *Baird & Warner, Inc. v. Addison Industrial Park, Inc.*, 70 Ill. App. 3d 39, 73, 387 N.E. 831, 838 (1st Dist. 1979).

**ANSWER:    HBLC admits plaintiffs recite case law and paraphrase § 5/13-206 of the Illinois Code of Civil Procedure.  HBLC denies Plaintiffs accurately characterize § 5/13-206 or of the case law cited in paragraph 58.  Therefore, HBLC denies the allegations contained in paragraph 58 of Count I.**

59.    On information and belief, the majority of judgments HBLC, Inc. obtains against consumers are default judgments.

**ANSWER:    Defendant denies the allegations contained in paragraph 59 of Count I.**

60.    It is suggested that over 90% of collection suits filed against consumers where service of process is made on the consumer result in a default judgment being entered against the consumer.  *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 327 (6th Cir. 2006); *See also Chavez v. Bowman, Heintz, Boscia & Vician*, 07 C 640, Dkt. 42-2, Affidavit of Gerald E.

Bowman, pp. 7-8 ¶ 14 (N.D. Ill. Oct. 3,2007) (law firm obtains a majority of judgments for creditors by default judgment on debt collection cases it filed in Cook County, Illinois).

> **ANSWER:    HBLC admits Plaintiffs recite case law and paraphrase holdings of the case law cited in paragraph 60.  HBLC denies Plaintiffs accurately characterize the case law cited in paragraph 60.  Defendant denies the allegations contained in paragraph 60 of Count I.**

61.    Copies of the document, a copy of which is attached as Exhibit 1 or Exhibit 2 are used to make it appear to the state court judge that HBLC, Inc. has attached the consumer's actual "Cardmember Agreement".

> **ANSWER:    HBLC denies the allegations contained in paragraph 61 of Count I.**

62.    The purpose and effect of Exhibit 1 and Exhibit 2 is to falsely represent that HBLC, Inc. has attached the actual "written contract" of the consumer it has sued in order to obtain a default judgment against a consumer who fails to object to the state court complaint.

> **ANSWER:    HBLC denies the allegations contained in paragraph 62 of Count I.**

63.    The use of a copy of Exhibit 1 or Exhibit 2 coupled with the statement that, "A true and correct copy of the Cardmember Agreement is attached . . . ." amounts to a fraud being perpetrated upon the state court.

> **ANSWER:    HBLC denies the allegations contained in paragraph 63 of Count I.**

64.    The statement in HBLC, Inc.'s state court complaint that, "A true and correct copy of the Cardmember Agreement is attached . . ." is false.

> **ANSWER:    HBLC denies the allegations contained in paragraph 64 of Count I.**

65.    Defendants violated 15 U.S.C. §§ 1692e and 1692e(10).

> **ANSWER:    HBLC denies the allegations contained in paragraph 65 of Count I.**

6345041v1  7791

## COUNT II - FDCPA § 1692f
## CLASS ALLEGATION

66.    Plaintiff incorporates paragraphs 1-34 above.

**ANSWER:    HBLC restates and realleges its answers to paragraphs 1 through 34 as and for its answer to paragraph 66 of Count II.**

67.    15 U.S.C. § 1692f in pertinent part, states, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

**ANSWER:    HBLC admits that paragraph 67 paraphrases § 1692f.  HBLC denies it violated § 1692f and therefore denies the allegations contained in paragraph 67 of Count II.**

68.    The purpose and effect of Exhibit 1 and Exhibit 2 is to falsely represent that HBLC, Inc. has attached the actual "written contract" of the consumer it has sued in order to obtain a default judgment against a consumer who fails to object to the state court complaint.

**ANSWER:    Defendant denies the allegations contained in paragraph 68 of Count II.**

69.    The use of a copy of Exhibit 1 or Exhibit 2 coupled with the statement that, "A true and correct copy of the Cardmember Agreement is attached . . . ." amounts to a fraud being perpetrated upon the state court.

**ANSWER:    Defendant denies the allegations contained in paragraph 69 of Count II.**

70.    The purpose and effect of Exhibit 1 and Exhibit 2 is to avoid having HBLC, Inc.'s state court claims against a consumer from being dismissed for failing to attach the written contract as required under 735 ILCS 5/2-606 that HBLC, Inc. has sued the consumer upon.

**ANSWER:    Defendant denies the allegations contained in paragraph 70 of Count II.**

71.    Defendants' conduct violated 15 U. S. C. § 1692f.

17

**ANSWER:     Defendant denies the allegations contained in paragraph 71 of Count II.**

## CLASS ALLEGATION

72.     Plaintiff brings this action on behalf of a class pursuant to FED. R. Civ. P. 23(a) and 23(b)(3) of: (a) all natural persons with an Illinois address (b) where Fink on behalf of HBLC, Inc. filed a lawsuit against the person (c) where a copy of either Exhibit 1 or Exhibit 2 was attached to the state court complaint (d) where the state court complaint stated that either Exhibit 1 or Exhibit 2 was, "A true and correct copy of the Cardmember Agreement" (e) during a period beginning May 9, 2007 and ending May 29, 2008.

**ANSWER:     HBLC denies that a class exists, denies that a class should be certified and therefore denies the allegations contained in paragraph 72 of Count II.**

73.     There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members.

**ANSWER:     HBLC denies that a class exists, denies that a class should be certified and therefore denies the allegations contained in paragraph 73 of Count II.**

74.     The predominate question is whether the use of document attached to a state court complaint, Exhibit 1 or Exhibit 2, coupled with the statement in the state court complaint, "A true and correct copy of the Cardmember Agreement is attached hereto . . ." violates the FDCPA.

**ANSWER:     HBLC denies that a class exists, denies that a class should be certified and therefore denies the allegations contained in paragraph 74 of Count II.**

75.     Plaintiffs' claims are typical of the claims of the class members in regard to the copied document attached as Exhibit 1 and Exhibit 2 as all are based on the same factual and legal theories.

**ANSWER:     HBLC denies that a class exists, denies that a class should be certified and therefore denies the allegations contained in paragraph 75 of Count II.**

6345041v1  7791

76.    The class is so numerous that joinder of all members is impractical.

**ANSWER:    HBLC denies that a class exists, denies that a class should be certified and therefore denies the allegations contained in paragraph 76 of Count II.**

77.    On information and belief there are 42 persons, including Plaintiffs, in Cook County, Illinois alone who are identified by putative class definition above.

**ANSWER:    HBLC denies that a class exists and that a class should be certified in this case.  Defendant admits that there are 42 people that are members of the putative class defined in paragraph 77 of Count II.**

78.    Plaintiff will fairly and adequately represent the members of the class.

**ANSWER:    HBLC denies that a class exists, denies that a class should be certified and therefore denies the allegations contained in paragraph 78 of Count II.**

79.    Plaintiff has retained experienced counsel in FDCPA matters and class action litigation.

**ANSWER:    HBLC denies that a class exists, denies that a class should be certified and therefore denies the allegations contained in paragraph 79 of Count II.**

80.    A class action is superior for the fair and efficient adjudication of this matter in that:

a.    Defendants course of conduct arises out of a single transaction, involving a form document affecting a large group of individuals;

b.    Individual actions are not economical;

c.    Congress contemplated class actions as a means of enforcing the FDCPA; and

d.    The Class members are unaware of the fraud that has perpetrated upon them.

**ANSWER:    HBLC denies that a class exists, denies that a class should be certified and therefore denies the allegations contained in paragraph 80 of Count II.**

6345041v1  7791

## COUNT III - FDCPA VIOLATIONS
## PLAINTIFFS' ADDITIONAL INDIVIDUAL ALLEGATIONS
## TIME BARRED DEBTS

81.     Plaintiff incorporates paragraphs 1-55 above.

**ANSWER:     HBLC restates and realleges its answers to paragraphs 1 through 55 as and for its answer to paragraph 81 of Count III.**

82.     The statute of limitations applicable to an action on a contract that is not wholly in writing under Illinois law is five years.  735 ILCS 5/13-205.  *Parkis v. Arrow Financial Services, LLC*, 07 C 410,2008 U.S. Dist. LEXIS 1212 (N.D.Ill., Jan. 8,2008); *Nicolai v. Mason*, 118 Ill. App. 3d 300; 454 N.E.2d 1049 (5th Dist. 1983).

**ANSWER:     HBLC admits that plaintiffs recite case law and paraphrase § 5/13-205 of the Illinois Code of Civil Procedure.   HBLC denies plaintiffs accurately characterized § 5/13-205 or the case law cited in paragraph 82.   HBLC therefore denies the allegations contained in paragraph 82 of Count III.**

83.     Furthermore, a contract is not wholly in writing if it is subject to change from time to time by means of one party sending terms to the other and the other continuing to do business or failing to object.  *Toth v. Mansell*, 207 Ill. App. 3d 665, 669, 566 N.E.2d 730, 733 (1st Dist. 1990); *Classified Ventures, Inc. v. Wrenchead, Inc.*, 06 C 2373, 2006 U.S. Dist. LEXIS 77359 (N.D. Ill. October 11, 2006).  This is because parol evidence is necessary to show what terms were sent from time to time and that the putative debtor accepted them by continuing to do business.

**ANSWER:     HBLC admits plaintiffs paraphrase holdings of various cases in paragraph 83.   HBLC denies plaintiffs accurately characterized the cases' holdings and therefore denies the allegations contained in paragraph 83 of Count III.**

84.     Defendants conduct of filing suit against Plaintiffs on a time-barred debt violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5) and 1692e(10).

**ANSWER:     Defendant denies the allegations contained in paragraph 84 of Count III.**

6345041v1  7791

85.    Defendants conduct of continuing to prosecute each of Plaintiffs' debt after being given notice that such debt is time barred violates 15 U.S.C. § 1692f.

**ANSWER:    Defendant denies the allegations contained in paragraph 85 of Count III.**

## COUNT IV - MALICIOUS PROSECTION
## PLAINTIFFS' ADDITIONAL INDIVIDUAL ALLEGATIONS

86.    Plaintiff incorporates paragraphs 1-55 above.

**ANSWER:    HBLC restates and realleges its answers to paragraphs 1through 55 as and for its answers to paragraph 86 of Count IV.**

87.    Defendants had no probable cause to file the state court complaints against Prieto and Childs after the decision in *Parkis v. Arrow Financial Services, LLC*, 07 C 410, 2008 U.S. Dist. LEXIS 1212 (N.D.Ill., Jan. 8, 2008).

**ANSWER:    Defendant denies the allegations contained in paragraph 87 of Count IV.**

88.    Defendants had no probable cause to file the state court complaint against Glass.

**ANSWER:    Defendant denies the allegations contained in paragraph 88 of Count IV.**

89.    Defendants had no probable cause to continue the state court proceedings against Prieto after Defendants were notified that Prieto's debt was barred by the statute of limitations.

**ANSWER:    Defendant denies the allegations contained in paragraph 89 of Count IV.**

90.    Defendants had no probable cause to continue the state court proceedings against Childs after Defendants were notified that Childs' debt was barred by the statute of limitations.

**ANSWER:    Defendant denies the allegations contained in paragraph 90 of Count IV.**

6345041v1  7791

91.     Defendants had no probable cause to continue the state court proceedings against Glass after Defendants were notified that Glass' debt was barred by the statute of limitations.

**ANSWER:**     **Defendant denies the allegations contained in paragraph 91 of Count IV.**

92.     At the time a trial date was set by Defendants in the Prieto matter, on information and belief, Defendants did not have any information to dispute Prieto's notice to Defendants that his debt was in default for mare than 5 years.

**ANSWER:**     **Defendant denies the allegations contained in paragraph 92 of Count IV.**

93.     At the time a trial date was set by Defendants in the Childs matter, on information and belief, Defendants did not have any information to dispute Childs' notice to Defendants that her debt was in default for more than 5 years.

**ANSWER:**     **Defendant denies the allegations contained in paragraph 93 of Count IV.**

94.     At the time a trial date was set by Defendants in the Glass matter, on information and belief, Defendants did not have any information to dispute Glass' notice to Defendants that his debt was in default for more than 10 years.

**ANSWER:**     **Defendant denies the allegations contained in paragraph 94 of Count IV.**

95.     Defendants' conduct in filing suit against Prieto on a time barred debt was malicious.

**ANSWER:**     **Defendant denies the allegations contained in paragraph 95 of Count IV.**

96.     Defendants' conduct in filing suit against Childs on a time barred debt was malicious.

6345041v1 7791

**ANSWER:** **Defendant denies the allegations contained in paragraph 96 of Count IV.**

97.     Defendants' conduct in filing suit against Glass on a time barred debt was malicious.

**ANSWER:** **Defendant denies the allegations contained in paragraph 97 of Count IV.**

98.     Defendants' conduct of continuing to prosecute the state court matter against Prieto was malicious.

**ANSWER:** **Defendant denies the allegations contained in paragraph 98 of Count IV.**

99.     Defendants' conduct of continuing to prosecute the state court matter against Childs was malicious.

**ANSWER:** **Defendant denies the allegations contained in paragraph 99 of Count IV.**

100.    Defendants' conduct of continuing to prosecute the state court matter against Glass was malicious.

**ANSWER:** **Defendant denies the allegations contained in paragraph 100 of Count IV.**

WHEREFORE, Defendant, HBLC, Inc. respectfully requests that this Court enter judgment in its favor and against Plaintiffs on Plaintiffs' Amended Complaint and for any other relief that this Court deems appropriate and just

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's' Amended Complaint fails to state a cause of action for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

6345041v1  7791

Any violation of the Fair Debt Collection Practices Act, which HBLC, Inc. denied occurred, was not intentional and the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error. HBLC reviews accounts prior to assigning them to outside collection counsel to check the charge off date and if possible the date the card was opened. Based on its understanding of Illinois law and how its collection counsel handle collection suits on its (HBLC's) behalf, HBLC will assign accounts to collection counsel that are within the 10 year statute of limitations for credit card debt and those complaints will often have the card member agreements attached to demonstrate, among other things, that attorneys fees can be recovered. *Harris Trust and Savings Bank v. McCray*, 21 Ill. App.3d 605 (1st Dist. 1974). HBLC will not assign accounts to collection counsel where the charge off date is over 10 years. HBLC will not assign accounts to collection counsel when HBLC does not have a charge off date.

### THIRD AFFIRMATIVE DEFENSE

HBLC, Inc., as an assignee of Discover, stands in the shoes and obtains all the rights Discover obtained when Prieto, Childs and Glass opened their Discover credit card accounts when Discover transferred the account to HBLC, Inc. HBLC, Inc. thus has standing to sue Prieto, Childs and Glass for their unpaid balances. See, *PRA, III LLC v. Cheryl Hund*, 364 Ill. App. 3d 378, 846 N.E.2d 965 (3rd Dist. 2006); *Olvera v. Blitt & Gaines,* 431 F.2d 285 (7th Cir. 2005); *Vickey v. Asset Acceptance, LLC,* 2004 WL 1510026, *2 (N.D.Ill. 2004).

### FOURTH AFFIRMATIVE DEFENSE

HBLC, Inc.'s litigation in Cook County, Illinois against Prieto, Childs and Glass is not time-barred because the ten year statute of limitations applies to credit card debt for lines of credit obtained by a bank or lending institution and partial payment of the debt tolls the 10 year statute of limitations. *Harris Trust and Savings Bank v. McCray*, 21 Ill. App.3d 605 (1st Dist.

6345041v1 7791

1974); *Davis v. World Credit Fund I, LLC*, 543 F. Supp.2d 953, 957 (N.D.Ill. 2008); *St. Francis Medical Ctr. v. Vernon*, 217 Ill. App.3d 287, 289 (1991).

## FIFTH AFFIRMATIVE DEFENSE

HBLC, Inc. did not violate the FDCPA by failing to attach Prieto's, Childs' or Glass' credit card agreements to their respective Collection Complaints because their use of the credit card created the contracts between them and the original creditor, not their completion of the credit cardholder agreement with the original creditor. *Garber v. Harris Trust & Savings Bank,* 104 Ill. App.3d 675 (1st Dist. 1982).

## SIXTH AFFIRMATIVE DEFENSE

HBLC, Inc. asserts that arbitration may be the appropriate venue for Plaintiffs' claims, as HBLC, Inc. may possess certain arbitration rights based on contracts entered into by Plaintiffs.

## SEVENTH AFFIRMATIVE DEFENSE

HBLC, Inc. is entitled to a set-off or recoupment based on the amount owed on Plaintiffs' Discover accounts.

## EIGHTH AFFIRMATIVE DEFENSE

HBLC, Inc. states it is entitled to assert the litigation privilege as a bar to Plaintiffs' FDCPA claims. Plaintiffs challenge statements made by HBLC, Inc. in the collection litigation, and specifically the collection complaints and their attachments. Plaintiffs claim those documents contain false, deceptive and misleading statements because HBLC, Inc. represented that it had the written contract and filed a suit that was time barred using form Discover card member agreements. However, the collection complaints and their attachments were filed and prepared in the underlying litigation and thus the statements are protected by the litigation privilege. To the extent Plaintiffs' claims are based on the collection complaint and actions from the collection litigation, HBLC can assert the litigation privilege to them. *MacGregor v.*

6345041v1  7791

*Rutberg*, no. 06-2829, slip op., p. 2-3 (7th Cir. February 27, 2007); *Sengchanthalangsy v.*

*Accelerated Recovery Specialists, Inc., et al*., slip op., case no. 06CV1124 JAH (BLM), *6-7

(S.D.Cal. February 14, 2007); *see also, Malevits v. Friedman*, 753 N.E.2d 404, 406-7 (Ill. App.

1st Dist. 2001); *NSB Tech. Inc. v. Spec. Direct Marketing, Inc*., 2004 WL 1918708, *3 (N.D.Ill.

2004).

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of collateral estoppel and/or *res judicata*.

Respectfully submitted,


By: /s/  *Corinne C. Heggie*
    One of the Attorneys for Defendant,
    **HBLC, Inc.**

David M. Schultz
Corinne C. Heggie
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, Illinois  60601
(312) 704-3000

6345041v1  7791